Filed 6/16/15  P. v. Anderson CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KIM EUGENE ANDERSON, JR.,<br><br>    Defendant and Appellant. | A144533<br><br>(Lake County<br>Super. Ct. No. CR937883) |

Kim Eugene Anderson, Jr., appeals from a judgment sentencing him to prison after he pleaded no contest to possessing metal knuckles and admitted a prior prison term allegation.  (Pen. Code, §§ 667.5, subd. (b), 21810.)[1]  His court-appointed counsel has filed a brief raising no issues, but seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  We find no arguable issues and affirm.

### I.  *FACTS AND PROCEDURAL HISTORY*

On December 12, 2014, appellant was arrested on an outstanding warrant while walking down a street in Clearlake.  The backpack he was carrying contained a glass smoking pipe, a baggie of methamphetamine, and black aluminum knuckles.  After appellant waived his right to a preliminary hearing, the Lake County District Attorney filed an information charging him with a felony count of possessing metal knuckles (§ 21810) and misdemeanor counts of possessing methamphetamine and possessing drug

---

[1]  Further statutory references are to the Penal Code unless otherwise indicated.

paraphernalia (Health & Saf. Code, §§ 11364, subd. (a)(1), 11377, subd. (a)).  The information also alleged that appellant had suffered a prior serious and/or violent felony conviction within the meaning of the Three Strikes law (§ 1170.12) and had served two prior prison terms (§ 667.5, subd. (b)).  The Three Strikes allegation and one of the prison priors arose from appellant's 2008 conviction for battery with serious bodily injury under section 243, subdivision (d).

Appellant agreed to plead no contest to the felony count of possessing metal knuckles and to admit the prior prison term allegation arising from the 2008 conviction of battery with serious bodily injury.  On the written change of plea form, appellant acknowledged he could be sentenced to prison for not more than four years, but could still seek probation to the extent it was otherwise available and could request that the crime be reduced to a misdemeanor under section 17, subdivision (b).  Any sentence imposed on a separate pending misdemeanor case would run concurrently with the sentence imposed in this case.  In exchange for appellant's plea, the district attorney agreed to dismiss the remaining misdemeanor charges, the Three Strikes allegation, and the remaining prison prior.

The trial court denied appellant's request that it reduce the substantive offense to a misdemeanor.  It denied probation and sentenced him to an aggregate term of four years in prison, consisting of the three-year upper term on the possession of metal knuckles count and a consecutive one-year term for the prison prior.

Appellant filed a notice of appeal "based on the sentence or other matters occurring after the plea that do not affect the validity of the plea."  (Cal. Rules of Court, rule 8.304(b).)  He did not seek or obtain a certificate of probable cause as would be necessary to challenge the validity of the plea itself.  (§ 1237.5.)

II. *DISCUSSION*

As required by *People v. Kelly* (2006) 40 Cal.4th 106, 124, we affirmatively note that appointed counsel has filed a *Wende/Anders* brief raising no issues, that appellant has been advised of his right to file a supplemental brief, and that appellant did not file such a

2

brief. We have independently reviewed the entire record for potential error and find none.

No error appears in the sentence imposed. The trial court did not abuse its discretion in denying appellant's request to reduce the felony count of possessing metal knuckles to a misdemeanor, relying as it did upon appellant's prior crimes of violence. (See *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977-978.)[2] Nor did the court abuse its discretion in denying probation, which, due to appellant's two prior felony convictions, was available only in an "unusual case[] where the interests of justice would best be served." (§ 1203, subd. (e)(4); see *People v. Bradley* (2012) 208 Cal.App.4th 64, 89.) The court appropriately cited appellant's criminal history, his poor performance on prior grants of probation and parole, the numerosity of his prior convictions, and the fact he was on probation at the time of the current offense, indicating that it would not grant probation even if appellant's eligibility were not limited. (See Cal. Rules of Court, rules 4.413, 4.414(b)(1)-(4).)

The court did not abuse its discretion in selecting the upper term of imprisonment based on a number of aggravating factors, including appellant's prior violent conduct indicating a danger to society, his numerous prior convictions, his service of a prior prison term in addition to that underlying the enhancement allegation he admitted, his poor performance on probation and parole, and his status as a probationer at the time of the current offense. (Cal. Rules of Court, rule 4.421(b)(1), (3)-(5); see *People v. Ogg* (2013) 219 Cal.App.4th 173, 186.) The court acknowledged appellant's early admission of wrongdoing was a mitigating factor (Cal. Rules of Court, rule 4.423(b)(3)), but noted that he received a substantial benefit because a Three Strikes allegation was dismissed as a condition of his plea.

Finally, we recognize that a conviction of possessing metal knuckles is an offense for which a jail term rather than prison would be the usual punishment pursuant to the

---

[2] Appellant's criminal record includes convictions of spousal battery, battery and battery with serious bodily injury.

Criminal Justice Realignment Act of 2011 (Realignment Act), as set forth in section 1170, subdivision (h)(1). (See § 21810.) However, the Realignment Act does not apply when the defendant has been previously convicted of a serious felony under section 1192.7, subdivision (c). (§ 1170, subd. (h)(3).) Appellant's 2008 conviction of battery with serious bodily injury, though not one of the serious felonies enumerated in section 1192.7, subdivision (c), qualifies as such if "the defendant personally inflict[ed] great bodily injury on any person, other than an accomplice" or "personally use[d] a firearm." (§ 1192.7, subd. (c)(8); *People v. Bueno* (2006) 143 Cal.App.4th 1503, 1508.) Appellant's agreement that he could be sentenced to prison in this case, and the lack of any reference in the plea agreement to jail time as a possible disposition, operates as an admission he was ineligible for a jail sentence under the Realignment Act, in other words, that the prior offense qualified as a serious felony. Because appellant did not obtain a certificate of probable cause, any challenge to that admission would be barred by section 1237.5. (See *People v. Zuniga* (2014) 225 Cal.App.4th 1178, 1183-1184.)

We are satisfied that appellant's appointed attorney has fully complied with the responsibilities of appellate counsel and that no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259, 283.)

### III. *DISPOSITION*

The judgment is affirmed.

4

 

                                           _____

                                           NEEDHAM, J.

We concur.

_____

JONES, P.J.

_____

SIMONS, J.