Filed 4/28/14

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

THE PEOPLE,

     Plaintiff and Respondent,

v.

ALEX JOE ZUNIGA,

     Defendant and Appellant.

E057444

(Super.Ct.No. FVI1201693)

OPINION

APPEAL from the Superior Court of San Bernardino County. Eric M. Nakata, Judge. Dismissed.

Beatrice C. Tillman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Marissa Bejarano, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Alex Joe Zuniga pled no contest to active participation in a criminal street gang in violation of Penal Code section 186.22, subdivision (a),[1] a strike offense. In return, the remaining allegation was dismissed and defendant was sentenced to a stipulated term of 16 months in state prison with credit of 354 days for time served.

Relying on *People v. Rodriguez* (2012) 55 Cal.4th 1125 (*Rodriguez*), defendant appeals on the ground that his conviction is void because there was no factual basis for the plea as there was no evidence to show he committed the underlying offense with another gang member. The People filed a motion to dismiss, arguing that defendant's claim is not cognizable on appeal because defendant did not obtain a certificate of probable cause. The People further assert that should this court deny the motion to dismiss, the proper remedy is to remand the matter to the trial court to allow the prosecutor to establish a factual basis since *Rodriguez* was decided after the plea.

I

FACTUAL AND PROCEDURAL BACKGROUND[2]

On June 29, 2012, a victim of a residential burglary and a vehicle theft during the burglary saw his stolen vehicle being driven down a road and called the police for assistance. The victim followed his stolen vehicle into a gas station where he waited for the police to arrive. When police officers arrived, the victim informed them that one of the suspects fled on foot and the other suspect ran into the gas station. Police officers

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] The factual background is taken from the preliminary hearing.

2

made contact with the female suspect inside the gas station; she was uncooperative. The officers searched the stolen vehicle and found hospital documents in defendant's name.

The police officers subsequently contacted defendant's parole officer who informed them that defendant was wearing a GPS ankle bracelet as a condition of parole. The officer located defendant hiding in the backseat of a parked car. Defendant did not respond to the officers' demands to show his hands and exit the vehicle. Officers then broke a window of the car, unlocked the doors, forcibly pulled defendant out of the vehicle, and arrested him.

The officers searched the vehicle in which defendant was hiding and found a nylon bag and a blue sunglass case. The nylon bag contained 48 plastic baggies; 40 of them were clear and empty. One baggie contained a usable amount of methamphetamine, and three baggies contained methamphetamine residue. Two electronic scales and three measuring spoons were also discovered inside the nylon bag. Two glass pipes with burnt residue were found in the blue sunglass case.

A gang expert opined that defendant was an active member of the Perez Marbelia 7th Street criminal street gang based on defendant's tattoos, gang cards, and admission to being involved in the gang. The gang expert also explained that the primary purpose of the gang was to commit drug-related offenses, such as selling drugs and transporting drugs; and that defendant possessed the drugs for sale for the benefit of the criminal street gang.

On September 6, 2012, an information was filed charging defendant with possession of a controlled substance, to wit, methamphetamine, for sale (Health & Saf. Code, § 11378; count 1) and active participation in a criminal street gang (§ 186.22, subd. (a); count 2).

On October 22, 2012, pursuant to a plea agreement, defendant pled no contest to count 2. In exchange, the remaining count was dismissed and defendant was sentenced to 16 months in state prison with credit for time served.

On November 6, 2012, defendant filed a notice of appeal based on the sentence or other matters that do not affect the validity of the plea. Defendant did not obtain a certificate of probable cause.

On May 16, 2013, defendant's appellate counsel filed a petition for writ of habeas corpus, case No. E058737, requesting permission to file a late certificate of probable cause in the trial court under *In re Benoit* (1973) 10 Cal.3d 72. On June 5, 2013, this court denied defendant's petition *without* prejudice.

On August 9, 2013, the People filed a motion to dismiss the appeal arguing defendant's claim was not cognizable on appeal for failure to obtain a certificate of probable cause. On September 9, 2013, this court took judicial notice of the record in case No. E058737, and reserved its ruling on the motion to dismiss to "the panel of justices who determine the appeal" and ordered the People to file a respondent's brief.

II

DISCUSSION

Defendant contends that his conviction for active participation in a criminal street gang is void and must be reversed because there was no factual basis for the plea in light of *Rodriguez*, *supra*, 55 Cal.4th 1125, which was decided after he entered his plea. He further argues that since he is raising a legal question, a certificate of probable cause is not required in the instant matter.

The People raise a threshold issue in their motion to dismiss. The People argue that defendant is barred from challenging the factual basis for his plea because of the absence of a certificate of probable cause under section 1237.5. We address this threshold matter.

Generally speaking, under section 1237.5,[3] a defendant may not bring an appeal from a judgment of conviction entered after a guilty or no contest plea, including an appeal challenging the validity of the plea, unless he or she has first obtained from the superior court a certificate of probable cause. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1095 (*Mendez*).) As our Supreme Court has held, however: "Notwithstanding the broad

---

[3] Section 1237.5 specifically provides: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere . . . except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

language of section 1237.5, it is settled that two types of issues may be raised in a guilty or nolo contendere plea appeal without issuance of a certificate: (1) search and seizure issues for which an appeal is provided under section 1538.5, subdivision (m); and (2) issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed. [Citations.]" (*People v. Panizzon* (1996) 13 Cal.4th 68, 74-75 (*Panizzon*); see also Cal. Rules of Court, rule 8.304(b).)[4]

Our high court advises that the certificate requirements of section 1237.5 "should be applied in a strict manner." (*Mendez*, *supra*, 19 Cal.4th at p. 1098.) And the court has strongly criticized the practice in some appellate decisions of reaching the merits of the appeal, notwithstanding the defendant's noncompliance with section 1237.5's certificate requirements. (*Mendez*, *supra*, at pp. 1097-1098 [rejecting appellate courts' approach of granting "dispensation" to defendant not in compliance with section 1237.5 under rationale that defendant may seek same relief by habeas corpus petition]; *Panizzon*, *supra*, 13 Cal.4th at p. 89, fn. 15 ["[T]he purposes behind section 1237.5 will remain vital only if appellate courts insist on compliance with its procedures."].) As noted in *People v. Cole* (2001) 88 Cal.App.4th 850, 860, footnote 3, "strict application of section 1237.5

---

[4] California Rules of Court, rule 8.304(b)(4) provides that a defendant appealing from a superior court judgment following the entry of a plea of guilty or no contest need not comply with the certificate of probable cause requirements of section 1237.5 ". . . if the notice of appeal states that the appeal is based on: [¶] (A) The denial of a motion to suppress evidence under Penal Code section 1538.5; or [¶] (B) Grounds that arose after entry of the plea and do not affect the plea's validity."

works no undue hardship on defendants with potentially meritorious appeals. The showing required to obtain a certificate is not stringent. Rather, the test applied by the trial court is simply 'whether the appeal is clearly frivolous and vexatious or whether it involves an honest difference of opinion.' [Citation.]"

In assessing whether an appeal that purports to challenge a post-guilty plea sentence requires a certificate of probable cause, courts examine the substance of the appeal: "[T]he crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made." (*People v. Ribero* (1971) 4 Cal.3d 55, 63, superseded by statute on other grounds as stated in *In re Chavez* (2003) 30 Cal.4th 643, 656.) Thus, for instance, in *Panizzon*, *supra*, 13 Cal.4th at pages 73 and 74, the defendant—after having pleaded no contest as part of a plea agreement to a sentence of life with the possibility of parole plus 12 years—appealed, claiming that the agreed-upon sentence was disproportionate to the sentence his codefendant received and was thus unconstitutional. The court pierced the surface of the defendant's challenge. While the appeal on its face did not attack the validity of the plea, the court nonetheless held that the defendant was required to obtain a probable cause certificate because the "challenge to a negotiated sentence imposed as part of a plea bargain is properly viewed as a challenge to the validity of the plea itself." (*Id*. at p. 79; see also *People v. Shelton* (2006) 37 Cal.4th 759, 766.)

7

In *People v. Arwood* (1985) 165 Cal.App.3d 167 (*Arwood*), the defendant pleaded nolo contendere to a charge of forcible rape and admitted a prior felony conviction for assault with a deadly weapon involving personal use of the deadly weapon under section 667, which provided for a five-year enhancement for prior serious or violent felonies. (*Arwood*, *supra*, at p. 170.) On appeal, the defendant argued that his prior conviction was not a serious felony within the meaning of section 667 and should be stricken. (*Arwood*, *supra*, at p. 171.)

The *Arwood* court agreed with the People that the challenge was not cognizable on appeal absent the execution and filing of a certificate of probable cause "because the enhancement was imposed as a result of [the defendant's] admission of the prior serious felony conviction, and his admission occurred before entry of the nolo contendere plea." (*Arwood*, *supra*, 165 Cal.App.3d at p. 171, italics omitted.) The defendant's plea constituted a challenge to the validity of his plea "insofar as it encompassed admission of a prior serious felony within the meaning of section 667." (*Id.* at p. 172.)

Like *Arwood*, *People v. Breckenridge* (1992) 5 Cal.App.4th 1096 (*Breckenridge*), overruled on another point in *In re Chavez, supra*, 30 Cal.4th at p. 657, fn. 6, addressed a sentencing enhancement issue based on the defendant's admission of a prior felony conviction. (*Breckenridge, supra,* at p. 1098.) The defendant pleaded guilty to the charge of lewd conduct with a child, and admitted a prior serious felony conviction for a similar offense. The court imposed a five-year enhancement for the prior serious felony conviction. On appeal, the defendant sought reversal of the enhancement, contending

8

that his admission of the prior was invalid "due to an inadequate advisement of rights." (*Ibid*.)  The defendant's appeal did not include a certificate of probable cause.  The *Breckenridge* court held that because the challenge was based on a claim of "inadequate advisement of rights," it related back to and implicated the validity of his admission of the prior.  (*Id*. at p. 1098.)  Accordingly, an appeal without a certificate of probable cause was precluded under section 1237.5, and the appeal was dismissed.  (*Breckenridge*, *supra*, at p. 1098.)

People v. Jones (1995) 33 Cal.App.4th 1087 (*Jones*) also followed *Arwood*.  In *Jones*, the defendant pleaded no contest to, inter alia, one count of burglary and two counts of possession of stolen property.  (*Jones*, *supra*, at p. 1088.)  She appealed on the ground that she could not lawfully be convicted of both burglary and receiving the property stolen during the burglary.  (*Id*. at p. 1089; § 496, subd. (a); *People v. Jaramillo* (1976) 16 Cal.3d 752, 757, superseded by statute on another ground as stated in *People v. Strong* (1994) 30 Cal.App.4th 366, 371-372 [Fourth Dist., Div. Two].)  The *Jones* court did not reach the merits of the defendant's claim that the conviction had to be reversed or vacated as unlawful and agreed with the People that a certificate of probable cause was required.  (*Jones*, *supra*, at p. 1091.)  The court explained, "Claims regarding the illegality of the judgment, whether on jurisdictional or other grounds, are precisely the types of claims which are covered by Penal Code section 1237.5 and require a certificate of probable cause."  (*Id*. at p. 1092.)

9

The *Jones* court acknowledged a contrary view expressed by the First District

Court of Appeal in two cases. In *People v. Loera* (1984) 159 Cal.App.3d 992, 996

(*Loera*), the defendant pleaded guilty to receiving stolen property and admitted that the

value of the property exceeded $25,000, which entailed a one-year sentence enhancement

under former section 12022.6.[5] The defendant then challenged on appeal the imposition

of the enhancement, arguing that for several reasons, former section 12022.6,

subdivision (a), could not be used to enhance a sentence based upon a conviction for

receiving stolen property. (*Loera*, *supra*, at p. 997.) The *Loera* court held that the

defendant was not required to obtain a certificate of probable cause, concluding that the

defendant was challenging the sentence as being unlawful and void and was therefore

claiming "a jurisdictional defect subject to correction whenever it comes to the attention

of either a trial court or a reviewing court. [Citations.]" (*Id*. at p. 998.) In *People v.*

*Corban* (2006) 138 Cal.App.4th 1111 (*Corban*), the court considered whether a probable

cause certificate was required where the defendant, who admitted a great bodily injury

allegation as part of her plea, argued on appeal that the imposition of the enhancement

was unlawful because it was inapplicable to circumstances where child endangerment

resulted in death. (*Corban*, *supra*, at pp. 1114-1117.) The *Corban* court acknowledged

---

[5] Former section 12022.6 provided that "'[a]ny person who takes, damages or destroys any property in the commission or attempted commission of a felony, with the intent to cause such taking, damage or destruction, and the loss exceeds: (a) Twenty-five thousand dollars ($25,000), the court shall in addition and consecutive to the punishment prescribed for the felony or attempted felony of which the defendant has been convicted impose an additional term of one year.'" (*Loera*, *supra*, 159 Cal.App.3d at p. 999.)

the results in *Arwood*, *Breckenridge*, and *Jones*, and the contrary position in *Loera*. (*Corban*, *supra*, at pp. 1115-1116.) *Corban* distinguished *Loera* as addressing purely legal arguments about the applicability of the enhancement that had "nothing to do with the particular facts of the defendant's case." (*Corban*, *supra*, at p. 1116.) The *Corban* court concluded that the issues in *Arwood* and *Breckenridge* were at least partially factual as they related to the plea, whereas *Corban's* case and *Loera* involved purely legal arguments. (*Corban*, *supra*, at pp. 1116-1117.)

For the reasons expressed in *Jones*, *supra*, 33 Cal.App.4th at page 1093, we conclude that *Loera* is inconsistent with *Arwood* and *Breckenridge*, and we choose to follow those cases and *Jones*. To the extent that *Corban* offers a distinction between *Loera*, we note that here defendant's challenge to the factual basis for the plea, even in light of the *Rodriguez* decision, is not purely a legal argument resolvable without reference to the particular facts presented.

We believe that an analysis of the cases shows that *Corban's* distinction does not hold up under scrutiny. *Arwood*, like *Loera* and *Corban*, involved issues of statutory interpretation.[6] In *Loera*, moreover, the court relied upon the principle that an unauthorized-sentence claim is cognizable on appeal despite a lack of objection below. (*Loera*, *supra*, 159 Cal.App.3d at p. 998.) This principle, however, is an exception to the rule that only claims raised by the parties below may be heard on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 354.) This principle cannot be employed to sidestep the additional hurdle of section 1237.5, which is triggered by entry of a guilty or no contest plea. In *Corban* and *Loera* as well as in *Jones*, *Breckenridge*, and *Arwood*, the defendants' claims were all directed to elements of their pleas that the defendants had freely admitted. The claims thus challenged the validity of their pleas. We believe the better course is to follow *Arwood* and *Jones* and require compliance with section 1237.5 in cases that are, in substance, challenges to the validity of a guilty plea.

In this instance, defendant contends that following the decision in *Rodriguez*, *supra*, 55 Cal.4th 1125, which was decided on December 27, 2012, after he was sentenced and his notice of appeal was filed, his conviction is void and must be reversed because there was no factual basis for the plea. In *Rodriguez*, the Supreme Court held

---

[6] The defendant's claim in *Arwood* required the court to determine whether the admitted prior felony fell within the statutory definition of prior serious felonies, requiring interpretation of section 1192.7, subdivision (c)(23). (*Arwood*, *supra*, 165 Cal.App.3d at pp. 172-173.) The court was also required to interpret the enhancement provisions of Proposition 8. (*Arwood*, *supra*, at pp. 174-175.)

12

that in order to convict a defendant of the crime of active participation in a criminal street gang under section 186.22, subdivision (a), the prosecution must prove that the defendant promoted, furthered, or assisted felonious criminal conduct by other members of the gang, not just the defendant himself. Thus, when a gang member acts alone in committing a crime, he cannot be convicted of violating the gang participation statute. (*Id*. at pp. 1128, 1138-1139.) Defendant argues that there is no evidence in this case that defendant acted with any other member of his criminal street gang and therefore there was no factual basis for the plea.

However, defendant's challenge—while couched in terms of raising a legal issue attacking only the judgment—is in substance a dispute concerning the factual basis underlying his no contest plea. "A guilty plea admits every element of the charged offense and constitutes a conviction [citations], and consequently issues that concern the determination of guilt or innocence are not cognizable [on appeal]. [Citations.]" (*In re Chavez, supra,* 30 Cal.4th 643, 649.)[7] Thus, a guilty plea waives any right to raise questions regarding the evidence, including its sufficiency or admissibility. (*People v. Egbert* (1997) 59 Cal.App.4th 503, 509.)

In *People v. Pinon* (1979) 96 Cal.App.3d 904, the defendant pled guilty to possession of a firearm by an ex-felon (former § 12021). On appeal, the defendant

---

[7] We note the prosecutor and defendant's counsel here stipulated that there was a factual basis for the no contest plea, and the court made a finding of the existence of such a factual basis.

13

contended the plea was invalid because the record did not reflect a factual basis for his plea, in that his prior conviction was a misdemeanor, not a felony. (*Id*. at pp. 907, 909.) The defendant also asserted his counsel was incompetent for failing to recognize that fact. (*Id*. at p. 909.) In rejecting the defendant's contention, the court stated, the "defendant's contention that the prior conviction was a misdemeanor rather than a felony, and the related contention that counsel was incompetent, go solely and directly to the question whether he was in fact guilty of the charged offense. However, his plea of guilty 'operated to remove such issues from consideration as a plea of guilty admits all matters essential to the conviction.' [Citations.] Consequently, these issues are simply not cognizable on the present appeal, whether or not [the] defendant obtained a certificate of probable cause."[8] (*Id*. at p. 910.)

Based on the foregoing, we conclude that defendant's challenge to the factual basis for the no contest plea "is properly viewed as a challenge to the validity of the plea itself." (*Panizzon*, *supra*, 13 Cal.4th at p. 79.) Since defendant failed to obtain a

---

**8** We note that the Supreme Court in *People v. Hoffard* (1995) 10 Cal.4th 1170, addressed a challenge to the legality of a guilty plea based on the trial court's failure to make a sufficient inquiry into the existence of a factual basis for the plea. A determination that there is a factual basis for a guilty plea is procedurally mandated by section 1192.5. (*Hoffard*, at pp. 1174, 1180-1183.) A contention that the court failed to make a sufficient inquiry into the factual basis for the plea thus challenges the legality of the plea and meets the criteria set forth in section 1237.5, subdivision (a), for issues which are cognizable on appeal after a guilty plea. In contrast, a contention that the evidence is insufficient to support the judgment does not challenge the legality of the proceedings, but rather goes to the question of guilt or innocence. It is therefore not cognizable on appeal after a guilty plea. (*Hoffard*, at pp. 1178-1179.)

certificate of probable cause in compliance with section 1237.5, his challenge is barred. (*Jones*, *supra*, 33 Cal.App.4th at pp. 1093-1094.)

## III

## DISPOSITION

The appeal is dismissed for failure to obtain a certificate of probable cause.

CERTIFIED FOR PUBLICATION

RAMIREZ_____
P. J.

We concur:

McKINSTER_____
                 J.

KING_____
                 J.