Filed 6/20/14  P. v. Ewers CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B249956 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA094004) |
| v. | |
| JAMILLE JAVADO EWERS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Judith Levey Meyer, Judge.  Affirmed.

Ari Dybnis, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson, Erika D. Jackson, and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Jamille Javado Ewers appeals from a judgment and sentence, following a plea of no contest to three counts of residential burglary. He contends the trial court breached the plea agreement by refusing to provide him with a full and complete sentencing hearing. He further contends the court erred by imposing a 10-year gang enhancement not supported by the evidence. Finding no reversible error, we affirm.

## FACTUAL BAKGROUND AND PROCEDURAL HISTORY

In an amended felony complaint filed December 6, 2012, appellant and a codefendant were charged with three counts of first degree residential burglary (Pen. Code, § 459).[1] All crimes were alleged to be serious felonies within the meaning of section 1192.7, subdivision (c), and two counts were alleged to be violent felonies within the meaning of section 667.5, subdivision (c) because a person other than an accomplice was present in the residence during the commission of the offense. It was also alleged that the crimes were committed for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, and assist in criminal conduct by gang members (§ 186.22, subd. (b)(1)(B) & (C)). Appellant pled not guilty to all counts and denied the allegations.

On January 23, 2013, the date set for the preliminary hearing, the trial court made an "open-plea offer." The court stated that if appellant were willing to say he "did the crimes, and . . . did it with all the allegations involved and everything," the court would put the matter over to a sentencing hearing, to determine any aggravating or mitigating factors and the particular sentence that would be imposed. The court noted that the People had made an offer of 15 years, four

---

[1]     All further statutory citations are to the Penal Code.

2

months, but that appellant faced a maximum of 23 years, 8 months. The court noted that "just based on the straight crimes themselves without any other extraneous issues," it felt that the case was "roughly worth" six years for appellant. "However," the court went on to note, "the prosecution did alert me to numerous other factors that are aggravating and that one should very much consider upon sentencing." Accordingly, the court explained that pursuant to its offer, the sentence would be "somewhere in between your minimum[] and your maximum[] . . . ." Addressing appellant, the court stated, "You're looking at a low [of] 6 and a high of 15 years, 4 months," adding, "if I sentence you to the max, there will be no withdrawal of [the] plea[] saying you had no idea what you were getting yoursel[f] into." Finally, the court expressly stated that it was making no representations as to the actual sentence, other than that it would fall between the minimum and the maximum.

Appellant accepted the court's offer. After being advised of and waiving his constitutional rights, appellant pled no contest to all the charges and admitted the gang allegations. Defense counsel stipulated to a factual basis for the plea.

On March 14, 2013, appellant moved to withdraw his plea because he had already served six months, the gang allegation was "wrong," and the prosecution's case was weak. The motion to withdraw his plea was denied.

That afternoon, the trial court held the sentencing hearing. During the hearing, the prosecution requested a 15-year, four month sentence be imposed based on several aggravating factors: (1) the crimes involved a high degree of callousness; (2) the victims were particularly vulnerable; (3) the defendant's potential sentence included concurrent sentences for which he could have received consecutive sentences; (4) the manner in which the crimes were carried out indicated planning, sophistication, and professionalism; (5) appellant engaged in

violent conduct indicating a serious danger to society; and (6) appellant's criminal history showed escalating seriousness from prior arrests to the current felony charges.

The trial court then heard statements from appellant's mother and his younger brother. The mother stated that appellant was not a gang member, and that he received disability benefits, as he suffers from insomnia, obesity, and other medical conditions. The brother stated that appellant was not a gang member, that he "got caught up with the wrong crowd," that he wanted to become a mechanic, and that he would have his family as support to pursue his goals. Appellant's counsel indicated he wanted to present a rap music video appellant had made to show that the appellant was not a gang member, but merely an aspiring rap artist who used gang iconography for theatrical effect. The court stated, "we are pressed for time." Appellant's counsel requested that the court look at the video for 30 seconds. The court questioned the relevance of the evidence, as appellant had admitted the gang allegation, but thereafter allowed appellant's counsel to play 30 seconds of the video.

Appellant then made a statement, apologizing for his actions and asking for leniency. Defense counsel argued that the court should impose a six-year sentence, as no evidence showed the victims were specifically targeted or that appellant was a gang member. He began arguing that appellant had cooperated with the investigating officers by assisting them in locating some of the stolen items when appellant interrupted, stating the argument was not "even relevant to the case." Subsequently, the court stated that it had heard enough. Defense counsel indicated he had additional argument, but the court stated: "I'm going to cut you off. Your client managed to do that for you."

The court sentenced appellant to state prison for a total of 12 years, consisting of the low term of two years on all counts, to be served concurrently, and a 10-year gang enhancement on the base count pursuant to section 186.22, subdivision (b)(1)(C). It struck the gang allegations as to the other counts.

Appellant timely noticed an appeal, but did not seek a certificate of probable cause.

## DISCUSSION

Appellant seeks a new sentencing hearing. He contends the trial court had promised that it would impose a six-year sentence, unless there were aggravating or mitigating factors that would cause the court to deviate from its initial assessment of the "worth" of the case. Appellant further contends the court breached the plea agreement by (1) imposing the 10-year gang enhancement pursuant to section 186.22, subdivision (b)(1)(C) despite the lack of evidence supporting that enhancement, and (2) denying him a full and complete opportunity to present his mitigating evidence and to challenge adverse evidence. We disagree.

The court did not breach the plea agreement by imposing the 10-year gang enhancement and sentencing appellant to a total of 12 years in prison. No promise was made that absent aggravating circumstances shown at the sentencing hearing, the default sentence would be six years. Rather, the trial court offered appellant a sentence of between six years and 15 years, four months, if he pled to all of the charges and allegations. The court expressly stated that it was making no representation about the final sentence to be imposed. It did not represent that it would strike the 10-year gang enhancement. At most, the court's comments could be construed to acknowledge the court's discretion to strike the gang enhancement if it determined that doing so would be in the interests of justice. (See § 186.22, subd. (g) ["the court may strike the additional punishment for the enhancements

5

provided in this section . . . in an unusual case where the interests of justice would best be served, if the court specifies on the record and enters into the minutes the circumstances indicating that the interests of justice would best be served by that disposition"].)  The sentence imposed -- 12 years -- was within the range given appellant at the time of his plea and admission.  The court neither promised -- nor was obliged -- to strike the gang enhancement, and by imposing the 10-year enhancement, impliedly found the interests of justice would not be served by striking it.

Appellant's contention that insufficient evidence was presented at the sentencing hearing to support the gang enhancement must be rejected.  Appellant's admission of the gang allegation constituted substantial evidence to support imposition of the 10-year gang enhancement.  In light of appellant's admission, he cannot challenge the factual basis for the gang enhancement without first obtaining a certificate of probable cause.  (*People v. Zuniga* (2014) 225 Cal.App.4th 1178, 1187.)  This he has not done.

We further reject appellant's contention that the trial court breached the plea agreement and denied him due process by failing to afford him a full and complete sentencing hearing.  A defendant has a right to present mitigating evidence and to respond to adverse sentencing information at the sentencing hearing.  (*People v. Arbuckle* (1978) 22 Cal.3d 749, 753.)  However, a defendant is entitled to relief on due process grounds only if the hearing procedures are "'fundamentally unfair.'"  (*Id*. at p. 754, italics omitted.)  Thus, "short of a total preclusion of defendant's ability to present a mitigating case to the trier of fact, no due process violation occurs."  (*People v. Thornton* (2007) 41 Cal.4th 391, 452-453.)  Here, the court heard statements from appellant, his mother and his younger brother.  At defense counsel's request, the court also viewed a portion of a video, and heard argument

from defense counsel. The limitation on further argument did not rise to the level of a due process violation. (See *id*. at p. 453 [limitation of defense witness testimony, even if an abuse of discretion, "fell well short of constituting a due process violation"].) Moreover, the thrust of appellant's sentencing argument was that he was not a gang member. While the trial court might have -- but was not required to -- consider this a factor in mitigation, it did not undermine the factual basis for appellant's admission of the gang allegation, as gang membership is not a requirement for the imposition of the gang enhancement. (See, e.g., *People v. Villalobos* (2006) 145 Cal.App.4th 310, 321-322 [affirming imposition of gang enhancement as to nongang member, as she assisted gang member in committing burglary for benefit of gang].) In short, the court did not breach the plea agreement by refusing to afford appellant a full and complete hearing. Accordingly, appellant is not entitled to a new sentencing hearing.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**


MANELLA, J.


We concur:


WILLHITE, Acting P. J.                    EDMON, J.*

_____
* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7