Filed 4/21/16  P. v. Brown CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>KRISTIE LYNN BROWN,<br><br>    Defendant and Appellant. | F070011<br><br>(Tulare Super. Ct. No. VCF282661)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Darryl B. Ferguson, Judge.

Gillian Black, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Poochigian, Acting P.J., Peña, J. and Smith, J.

Appellant/defendant Kristie Lynn Brown entered into a plea agreement wherein she pled to certain charges in exchange for a specified sentence and the opportunity to have this court review a pretrial evidentiary ruling by the trial court that seriously impaired her anticipated defense. We reverse the judgment and remand the matter to the trial court because appellate review is not available for a pretrial evidentiary ruling when a defendant pleads guilty, and the trial court erred when it assured defendant the issue would receive appellate review.

## PROCEDURAL SUMMARY

The relevant events that occurred in the trial court are not in dispute. Defendant was charged with two counts of what could be broadly termed welfare fraud. The first count alleged she obtained public aid through false representations (Welf. & Inst.Code § 10980, subd. (c)(2)), and the second count alleged defendant committed perjury by making false representations on her benefit application (Pen. Code, § 118). The essence of the charges was that defendant obtained welfare benefits by falsely representing her son lived with her, when her son actually lived with his aunt, defendant's sister.

Prior to the jury trial, the trial court ruled inadmissible evidence defendant wished to introduce at trial. Essentially this evidence consisted of a 2009 decision issued by an administrative law judge for the California Department of Social Services. The events leading to this decision began when Tulare County notified appellant it would stop her welfare benefits and seek reimbursement for benefits paid to defendant, because defendant's son lived with her sister. Defendant challenged the county's action. The decision issued by the administrative law judge concluded defendant was entitled to benefits and ordered the county to continue paying the benefits to defendant. Defendant argued this evidence established that she reasonably believed she was entitled to the benefits and therefore was not making fraudulent representations or receiving benefits improperly.

Once the trial court denied defendant's motion, a plea agreement was reached between the parties. The essence of this agreement was that defendant agreed to plead no contest to the charges, and the trial court would place defendant on probation for five years, which included 180 days in jail. The purpose of the plea was to allow defendant to appeal the trial court's ruling excluding the evidence related to the administrative proceedings. The parties and the trial court agreed that if defendant's appeal was successful, defendant would be permitted to withdraw her plea and the matter would proceed to trial. The parties also agreed the sentence would be stayed until the appeal was final.

Based on this agreement defendant pled no contest to the charges and was sentenced according to the agreement. Defendant filed a notice of appeal and the trial court issued a certificate of probable cause.

## DISCUSSION

The parties agree on the ultimate resolution of this appeal, but not on how we are to arrive at this resolution. Defendant concedes, and the Attorney General agrees, that we may not review the issue at which the plea was directed, i.e., we may not review a trial court's evidentiary rulings when the defendant ultimately pleads to the charges. (*People v. Zuniga* (2014) 225 Cal.App.4th 1178, 1187; *People v. Shults* (1984) 151 Cal.App.3d 714, 718–720.) This conclusion is compelled because "when a defendant pleads guilty or no contest and is convicted without a trial, only limited issues are cognizable on appeal. A guilty plea admits every element of the charged offense and constitutes a conviction [citations], and consequently issues that concern the determination of guilt or innocence are not cognizable. [Citations.] Instead, appellate review is limited to issues that concern the 'jurisdiction of the court or the legality of the proceedings, including the constitutional validity of the plea.' " (*In re Chavez* (2003) 30 Cal.4th 643, 649.)

The parties also agree that because defense counsel, the prosecutor, and the trial court were mistaken about defendant's ability to obtain appellate review of the trial

court's evidentiary ruling, she must be given the opportunity to withdraw her plea and proceed to trial. This conclusion is compelled because "a 'negotiated plea agreement is a form of contract,' it is interpreted according to general contract principles. [Citations.] Acceptance of the agreement binds the court and the parties to the agreement. [Citations.] ' "When a guilty [or nolo contendere] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement." ' " (*People v. Segura* (2008) 44 Cal.4th 921, 930–931.)

In this case the parties agreed to a plea bargain that included as a material term appellate review of the trial court's evidentiary ruling, and if defendant prevailed on appeal she would be entitled to withdraw her plea and proceed to trial. Because defendant was induced to enter a plea by a misrepresentation of a fundamental nature we must reverse the judgment. (*People v. De Vaughn* (1977) 18 Cal.3d 889, 896.)

While the Attorney General agrees defendant must be permitted to withdraw her plea, she also suggests we must dismiss the appeal because the trial court issued a certificate of probable cause which was not based on "constitutional, jurisdictional or other grounds going to the legality of the proceedings." (Pen. Code, § 1237.5, subd. (a).) However, the cases cited by the Attorney General all stand for the proposition that an appeal must be dismissed where the trial court did not issue a certificate of probable cause. (See, e.g., *People v. Mendez* (1999) 19 Cal.4th 1084, 1096 [appeal must be dismissed unless defendant files a statement of certificate grounds and trial court issues a certificate of probable cause].)

In this case, however, the trial court issued a certificate of probable cause. The Attorney General has not cited any case that states an appeal should be dismissed when the trial court issued a certificate of probable cause on grounds not stated in Penal Code section 1237.5, subdivision (a).

In fact, *People v. De Vaughn*, *supra*, 18 Cal.3d 889 poses a similar factual situation, and the Supreme Court did not dismiss the appeal. Before trial, the defendants made a motion to suppress their statements made to the arresting officers. The trial court denied the motion. Thereafter the defendants entered into a plea agreement, which included a promise by the trial court to issue a certificate of probable cause so the defendants could challenge the trial court's denial of their motion to suppress. The Supreme Court first concluded the trial court's ruling could not be challenged on appeal since the defendants pled guilty, even though the trial court had issued a certificate of probable cause. (*Id.* at pp. 895–896.) However, the Supreme Court did not dismiss the appeal because the certificate of probable cause was improperly issued. Instead, the Supreme Court held the defendants could attack the validity of their pleas "on the ground that because it was beyond the power of the trial court to bargain with defendants to preserve for appellate purposes the issues of [the admissibility of their statements], they were improperly induced to enter such pleas." (*Id.* at p. 896.)

We find ourselves in the same position. Defendant was induced to enter into a plea agreement based on the promise that this court would review the trial court's evidentiary ruling. Because such review is not available, defendant was improperly induced to enter her plea, and reversal is required.[1]

## DISPOSITION

The judgment is reversed, and the matter is remanded to the trial court to provide defendant with the opportunity to withdraw her plea and proceed to trial, or, if she should

---

[1] To the extent the Attorney General's argument could be construed to assert defendant's appeal should not be considered because she failed to identify as an issue on appeal the fact she was improperly induced to enter her plea, we note that once a certificate of probable cause is issued by the trial court we may entertain all of the defendant's claims even if they were not identified in the certificate of probable cause. (*People v. Johnson* (2009) 47 Cal.4th 668, 676.)

choose, to accept the plea bargain knowing that appellate review of the trial court's order excluding the proffered evidence is not available.