Filed 6/14/16  P. v Curtis CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY RAY CURTIS,<br><br>    Defendant and Appellant. | 2d Crim. No. B266103<br>(Super. Ct. No. BA430502)<br>(Los Angeles County) |

Anthony Ray Curtis appeals a judgment entered following his nolo contendere plea to grand theft, and offering a false or forged instrument, with admissions that the criminal offenses involve related felonies involving a taking of $150,000 or more, and that he suffered a prior serious felony strike conviction.  (Pen. Code, §§ 487, subd. (a), 115, subd. (a), 186.11, subd. (a)(3), 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)[1]

We appointed counsel to represent Curtis in this appeal.  After examination of the record, counsel filed an opening brief raising no issues.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)  On December 28, 2015, we advised Curtis that he had 30 days within which to personally submit any contentions or issues that he wished to raise on appeal.  On April 8, 2016, we received a response from him contending that: 1) counsel's

---

[1] All further statutory references are to the Penal Code unless stated otherwise.

summary of the evidence is false; 2) the trial court erred by sentencing him to a term to be served following his 2011 prison term; and, 3) he is entitled to additional presentence custody credits. Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, 123-124, we present a factual and procedural summary of the case and a brief discussion of Curtis's contentions

## FACTS AND PROCEDURAL HISTORY

On February 10, 2011, Curtis was convicted of grand theft and offering a false or forged instrument. (§§ 487, subd. (a), 115, subd. (a).) He received a prison term of 64 months. The probation report prepared in the present matter indicates that on April 15, 2015, Curtis would be released from the Department of Corrections and Rehabilitation into a post-release community supervision program.

On January 7, 2015, the Los Angeles County prosecutor charged Curtis by felony information with two counts of identity theft, three counts of forgery, three counts of offering a false or forged instrument, one count of grand theft, and four counts of money laundering. (§§ 530.5, subd. (a), 470, subd. (d), 115, subd. (a), 487, subd. (a), 186.10, subd. (a).) The prosecutor also alleged that the criminal offenses involve related felonies involving a taking of $150,000 or more, and that Curtis suffered a prior serious felony strike conviction. (§§ 186.11, subd. (a)(3), 667, subds. (b)-(i), 1170.12, subds. (a)(d).)

The charged counts rest upon fraudulent real estate loans procured by Curtis and his codefendants. Their scheme involved false identities, false real estate titles, and illegal transfers of funds. Curtis committed the present crimes while incarcerated in prison for his 2011 convictions.

In accordance with a plea agreement, Curtis waived his constitutional rights, and entered a nolo contendere plea to grand theft and offering false or forged instruments. He also admitted the taking allegation and suffering a serious felony strike allegation. On June 16, 2015, the trial court sentenced Curtis to the agreed-upon prison term of five years four months, including a two year midterm for the grand theft count (then doubled), eight months for the false or forged instruments count (then doubled), and

2

a stayed one-year term for the taking allegation.  The court imposed a $300 restitution fine, a $300 parole revocation restitution fine (suspended) an $80 court security assessment, and a $60 criminal conviction assessment.  (§§ 1202.4, subd. (b), 1202.45, 1465.8, subd. (a); Gov. Code, § 70373.)  The court also awarded Curtis 330 days of presentence custody credit and dismissed the remaining counts and allegations.

*DISCUSSION*

A guilty or nolo contendere plea admits every element of the charged offense and constitutes a conviction.  (*People v. Zuniga* (2014) 225 Cal.App.4th 1178, 1186.)  For this reason, issues regarding the sufficiency or admissibility of evidence are not cognizable on appeal following a guilty or nolo contendere plea.  (*Id.,* at p. 1187.)

The appellate record indicates that Curtis had served his sentence resulting from his 2011 conviction prior to sentencing in the present matter.  The trial court awarded him 330 days of presentence custody credit.  He is not entitled to credit for the service of the prior prison term nor does his present sentence run "concurrently" to the previous sentence.

The judgment is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

PERREN, J.

TANGEMAN, J.

3

Lisa B. Lench, Judge

Superior Court County of Los Angeles

_____


Lenore De Vita, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.