Filed 8/26/16  P. v. Robinson CA3
Opinion following rehearing

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C079234 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F08157) |
| v. | OPINION ON REHEARING |
| MICHAEL DONTI ROBINSON, | |
| Defendant and Appellant. | |

This appeal originated as a review pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) after defendant Michael Donti Robinson pleaded no contest to felony driving with a blood-alcohol content of 0.08 percent within 10 years of three or more felony driving under the influence (DUI) convictions (Veh. Code, § 23152, subd. (b)) and admitted four prior DUI convictions and a prior strike conviction and was sentenced to four years in state prison.

Defendant's counsel filed a *Wende* brief, and we subsequently filed our opinion finding no arguable error in defendant's favor and affirming the judgment.  (*People v.*

1

*Robinson* (Apr. 12, 2016, C079234) [nonpub. opn.].)  Defense counsel filed a petition for rehearing arguing that, due to a misunderstanding between defense counsel and defendant, this court never received defendant's supplemental brief.  We granted the petition for rehearing, vacated our opinion, and accepted defendant's supplemental brief for consideration.

Defendant's claims going to the validity of his plea bargain are barred for lack of a certificate of probable cause.  (Pen. Code, § 1237.5.)[1]  Therefore, we again affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND[2]

On November 1, 2014, California Highway Patrol Officer Stephen Newman observed defendant make an illegal U-turn at an intersection.  Officer Newman stopped defendant's car and noticed defendant was exhibiting signs of intoxication, such as slurred speech, flushed complexion, red and watery eyes, and nervous, fidgety behavior.  Defendant admitted having consumed one beer earlier in the day.  Officer Newman conducted several field sobriety tests, all of which defendant performed unsatisfactorily.  Preliminary alcohol screening testing revealed defendant had a blood-alcohol level of 0.13 percent.  A subsequent blood test yielded the same result.

Defendant was charged by criminal complaint, deemed the information, with felony DUI of alcohol within 10 years of three or more felony DUI convictions (Veh. Code, § 23152, subd. (a) – count one), and felony driving with a blood-alcohol content of 0.08 percent within 10 years of three or more felony DUI convictions (Veh. Code, § 23152, subd. (b) – count two).  The information also alleged defendant suffered four prior

---

[1]  Unspecified statutory references are to the Penal Code.

[2]  In light of defendant's stipulated disposition, the facts are taken from the preliminary hearing, as stipulated by the parties.

DUI convictions (Veh. Code, §§ 23152, subd. (b), & 23103.5) and one prior strike conviction (§§ 667, subds. (b)-(i), 1170.12).

Prior to the preliminary hearing, the trial court heard and denied defendant's motion to strike the prior strike conviction pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

Following the preliminary hearing, defendant filed a "Motion for Review of Record to Allow Defendant to Take an Offer Not Relayed to Him by Counsel." Defendant argued a 32-month offer had previously been made to his prior counsel but was never relayed to him, resulting in prejudicial ineffective assistance of counsel. The prosecution opposed the motion arguing no 32-month offer was ever made. The trial court denied the motion.

Defendant entered a negotiated plea of no contest to count two and admitted the four prior DUI convictions and the prior strike conviction in exchange for a stipulated sentence of four years (the middle term of two years, doubled for the prior strike) and dismissal of count one. The parties stipulated to the factual basis as summarized by counsel.

The trial court sentenced defendant to the middle term of two years for count two, doubled for the prior strike, for an aggregate term of four years in state prison. The court imposed "minimum fees and fines," and awarded defendant 372 days of presentence custody credit (186 actual days plus 186 conduct credits).

The court's minute order and the abstract of judgment reflect the following fees and fines: a $300 restitution fine (§ 1202.4, subd. (b)), a $300 parole revocation restitution fine, stayed pending successful completion of parole (§ 1202.45), a $40 court operations assessment (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373).

Defendant filed a timely amended notice of appeal. The trial court denied his request for a certificate of probable cause.

DISCUSSION

Defendant filed a supplemental letter brief raising a number of "discrepanc[ies]" in the proceedings with which he takes issue. His claims, to the extent we can decipher them, include that the district attorney and trial court did not afford him "the proper rehabilitative treatment incarceration program such as the 'Senate Bill 618 program' "; the probation department's recommendation that he receive "the least [and] minimum punishment" was overlooked; his public defender was ill-prepared and unknowledgeable of the facts of his case, resulting in " 'misrepresentation' "; his private counsel failed to communicate and negotiate the district attorney's 32-month offer; his *Romero* motion was "rushed" and not "properly prepared" by defense counsel.

Defendant's failure to obtain a certificate of probable cause bars any challenges to the validity of his plea, including his challenge to the negotiated sentence imposed as part of his plea bargain. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1099 [appellate court must decline to review an issue that requires a certificate of probable cause if none was obtained]; *People v. Zuniga* (2014) 225 Cal.App.4th 1178, 1187; *People v. Buttram* (2003) 30 Cal.4th 773, 781-791; *People v. Panizzon* (1996) 13 Cal.4th 68, 79.)

All of the issues raised in his supplemental brief are challenges to his stipulated sentence of four years in prison (two years doubled for his strike) except his challenge to the trial court's presentence credit calculation, wherein he broadly claims that the court "made a[] mistake" but does not elaborate. We have reviewed the credit award to the extent we are able, given that the record on appeal commences with defendant's December 16, 2014, in-custody arraignment on his November 1, 2014, DUI. It appears that defendant was cited and taken into custody at the time of his offense, but later released and not formally charged and re-arrested until December 15, 2014. The 186 days of actual custody (to which his attorney agreed at sentencing) signals that he was in custody for all but six days between his initial arrest on November 1, 2014, and his May 11, 2015, sentencing. Although is appears unlikely that defendant would be in

4

custody for all but six days of the 45 days between his initial arrest and later arraignment, any error would be in defendant's favor in the form of extra credit.  As we cannot discern from this record which days defendant was in custody before his arraignment, we cannot determine whether there was error.

## DISPOSITION

The judgment is affirmed.


<u>    /s/                        </u>
Blease, Acting P. J.


We concur:


<u>    /s/                      </u>
Duarte, J.


<u>    /s/                      </u>
Hoch, J.

5