Filed 1/5/26  P. v. Magana CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>FERNANDO MAGANA,<br><br>  Defendant and Appellant. | F089255<br><br>(Super. Ct. No. MCR080121)<br><br>**OPINION** |

-ooOoo-

<u>**THE COURT**</u>[*]

APPEAL from a judgment of the Superior Court of Madera County.  Katherine Rigby, Judge.

Martin Baker, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

[*]     Before Levy, Acting P. J., DeSantos, J. and Guerra, J.[†]

[†]     Judge of the Fresno Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Defendant Fernando Magana pled guilty pursuant to a negotiated plea agreement to assault by a prisoner with a deadly weapon.  Appointed counsel for defendant asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was advised of his right to file a letter stating any grounds on appeal within 30 days of the date of filing of the opening brief.  Defendant filed a letter contending defense counsel provided ineffective assistance by persuading him to accept the plea.  He has identified no basis for relief, nor have we.  We affirm.

## PROCEDURAL SUMMARY

On February 5, 2024, the Madera County District Attorney filed a complaint charging defendant with two counts of felony assault with force likely to product great bodily injury (Pen. Code,[1] § 245, subd. (a)(4); counts 1 and 2);[2] and felony witness dissuasion (§ 136.1, subd. (b)(1); count 3).  As to counts 1 and 2, the information further alleged that defendant personally inflicted great bodily injury (§ 12022.7, subd. (a)).

### *Waiver of Preliminary Hearing*

On July 12, 2024, the parties stated to the trial court that they were negotiating a resolution and were willing to waive the preliminary hearing.  The prosecutor informed defendant and the trial court that he intended to file an information alleging assault by a prisoner with a deadly weapon (§ 4501, subd. (a)) and additional felony violations of witness dissuasion (§ 136.1, subd. (b)(1)).  Defendant agreed to waive the preliminary hearing and was held to answer to the charges alleged in the February 5, 2024 criminal complaint.

---

[1]     All further statutory references are to the Penal Code.

[2]     Count 1 was alleged to have been committed "[o]n or about" August 23, 2023 against D.G.  Count 2 was alleged to have been committed "[o]n or about" August 24, 2024 against M.H.

2.

On July 15, 2024, an information was filed alleging assault by a prisoner with force likely to produce great bodily injury (§ 4501, subd. (b); count 1); assault by a prisoner with a deadly weapon (§ 4501, subd. (a); count 2); and witness dissuasion (§ 136.1, subd. (b)(1); count 3).  Count 1 was alleged to have been committed "[o]n or about August 23, 2023" against D.G.; count 2 was alleged to have been committed "[o]n or about August 23, 2023" against M.H.; and count 3 was alleged to have been committed "[o]n or about August 23 and 24, 2023" against D.G. and M.H.  As to counts 1 and 2, the information further alleged that defendant personally inflicted great bodily injury (§ 12022.7, subd. (a)).

On September 24, 2024, a first amended information was filed alleging count 3 occurred "on or about" August 23, 2023.  The amended information also added one count of witness dissuasion "on or about" August 24, 2023 against "M.H." (§ 136.1, subd. (b)(1); count 4); and four counts of witness dissuasion "on or about" August 24, 2023 against M.D., D.B., E.A., E.S., and I.A. (§ 136.1, subd. (b)(1); counts 4 through 9).

On September 26, 2024, a second amended information was filed alleging aggravating circumstances pursuant to California Rules of Court, rule 4.421(a)(1), (a)(2), (b)(1), and (b)(2).[3]

### *Arraignment and Factual Basis for Plea*

On September 30, 2024, defendant was arraigned on the second amended information.  Defendant submitted a signed plea form indicating he wished to plead guilty to "[section] 4501[, subdivision] (a)" and that the factual basis for the plea was "stipulated."  The plea form included an acknowledgement that defense counsel "explained the possible penalties and consequences of the plea(s) of GUILTY to be immigration, gun rights, strike …."  The form described the terms of the negotiated disposition as "[section] 4501[, subdivision] (a); count 2, for the midterm of

---

[3]      All further rules references are to the California Rules of Court.

3.

[four] years[,] [*H*]*arvey* waiver for count 1 [section] 4501[, subdivision] (b)." Defendant then pled guilty to count 2, conditioned upon being sentenced to four years (the midterm), pursuant to a negotiated plea agreement. The trial court informed defendant of the nature of the charge by reciting the language of the second amended information, stating: "That on or about August 24[], 2023, in the County of Madera, the crime of assault with a deadly weapon while confined in a state prison in violation of … [s]ection 450[, subdivision] (a), a felony, was committed in that [defendant], while confined in a California State prison, committed an assault upon M.[H.] with a deadly weapon or instrument, specifically a lock in a sock. Do you understand the nature of that charge?" Defendant replied, "Yes." The parties then stipulated to the "preliminary hearing transcript" as the factual basis for the plea, unaware that the preliminary hearing had been waived. The following colloquy occurred:

> "THE COURT: Counsel, a factual basis for this felony plea?
>
> "[PROSECUTION:] I believe there was a preliminary hearing. We'll stipulate that the preliminary hearing contains a factual basis, if the Court and counsel are willing.
>
> "[DEFENSE COUNSEL:] So stipulated.
>
> "THE COURT: All right. That stipulation will be accepted. [¶] And it's further stipulated the Court can consider the preliminary hearing transcript?
>
> "[PROSECUTION:] Yes, Your Honor.
>
> "[DEFENSE COUNSEL:] Yes.
>
> "THE COURT: All right. That stipulation is accepted. [¶] Then, I'm going to go back to you at this time, [defendant], and ask you, how do you plead to [c]ount 2 of the [c]omplaint alleging an assault with a deadly weapon while confined in a state prison, as more particularly described to you earlier? How do you plead to that charge?
>
> "[DEFENDANT:] Guilty.

4.

"THE COURT: The guilty plea will be accepted. [¶] The Court will find that … defendant was aware of the nature of the offense to which he has entered a plea of guilty and the consequences of a plea of guilty; that defendant knowingly, intelligently, freely, and voluntarily waived his rights to a trial; and that there is a factual basis for the plea."

On January 9, 2025, the trial court sentenced defendant to the middle term of four years on count 2 (assault by a prisoner with a deadly weapon; § 4051, subd. (a)). The court awarded defendant 317 days of actual credit (commencing on February 28, 2024, the date a hold was placed on defendant in this case) and 316 days of conduct credit. After the court sentenced defendant, defense counsel stated he and defendant were not aware that the conviction would be for a serious felony (or "strike" offense). The court stated there had been no amendment to the second amended information changing the offense from a serious felony to a nonserious felony. Defense counsel requested defendant be awarded additional custody credit "in the interest of justice" for the time he spent in custody between the date of the offense and the date of his booking while he was serving a sentence for a prior unrelated conviction that was vacated on May 13, 2024. The court denied his request.

On January 27, 2025, defendant timely filed a notice of appeal.

## FACTUAL SUMMARY[4]

Defendant was an inmate in a state prison. On August 23, 2023, he hit another inmate, D.G., in the head with a weapon known as a "lock[] in a sock[]," causing an injury to his scalp that required twenty staples to close.

## DISCUSSION

### *Wende* Review

As noted above, defendant's appellate counsel filed a brief pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436, asserting he could not identify any arguable issues in this case. After defendant's appellate counsel filed his *Wende* brief, by letter dated

---

[4]    The factual summary is drawn from the probation report.

5.

September 29, 2025, we invited defendant to inform this court of any issues he wished addressed.

On October 14, 2025, defendant responded to our letter, alleging that he was "wrongly represented but as well as wrongly persuaded to take a deal.… [E]ven my [attorney] … was under the impression that the [a]ttorney who represented me when I signed for a deal, had gotten me [four] y[ea]rs nonviolent strike. [Defense counsel] expressed that at my sentencing hearing. [¶] That's how much I was represented. Four different attorneys from a law firm voiced for my legal matter but yet failed [to] keep me aware about the exact penal codes that I signed for." He contends, "It all looked like a team was on the case[.] But the truth was behind closed doors I was expressing about not signing a deal. It was a battle between me and my [a]ttorneys to see a direction with a speedy trial alone. [¶] I understand I signed a legal document. Because four years with no strike was the best offer to finally see this over with."

### *Ineffective Assistance of Counsel*

Defendant asserts he was provided with ineffective assistance of counsel because he believed he was pleading guilty to a nonviolent offense and did not understand exactly which offense he was pleading guilty to. However, it cannot be conclusively determined based on this record whether defendant's counsel actually told him he would be pleading guilty to a nonviolent offense. Proof of this matter requires a showing beyond the scope of the record on appeal. For this reason, our Supreme Court has held that a claim of ineffective assistance of counsel based on counsel's alleged failure to act in a particular manner should be raised in a habeas corpus proceeding. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266–267 [a claim of ineffective assistance of counsel relating to "why counsel acted or failed to act in the manner challenged" "is more appropriately decided in a habeas corpus proceeding"]; see also *People v. Jones* (2003) 29 Cal.4th 1229, 1263 [issues requiring review of matters outside the record are better raised on habeas corpus rather than on direct appeal].) Accordingly, this issue is not appropriate for direct appeal.

6.

***Factual Basis for Plea***

Further, the issue of whether the preliminary hearing transcript was an appropriate factual basis for defendant's plea is not cognizable on appeal because his certificate of probable cause was denied.

During the September 30, 2024 hearing, the trial court recited the allegation of count 2 of the second amended information when telling defendant what offense he was pleading guilty to, stating, "That on or about August 24th, 2023, in the County of Madera, the crime of assault with a deadly weapon while confined in a state prison in violation of … [s]ection 4501[, subdivision] (a), a felony, was committed in that [defendant], while confined in a California State prison, committed an assault upon M.[H.] with a deadly weapon or instrument, specifically a lock in a sock. Do you understand the nature of that charge?" Defendant replied, "Yes."

The parties then stipulated that the factual basis for defendant's plea was the "preliminary hearing transcript." However, the trial court, prosecution, and defense counsel were all apparently unaware that defendant had waived the preliminary hearing on July 12, 2024.

When defendant filed his notice of appeal challenging the validity of the plea, defense counsel wrote in the notice of appeal regarding defendant's request for probable cause,

> "After imposition of sentence, [defendant] advised he did not plead to [section] 4501[, subdivision] (a). [Defense counsel] advised [defendant] 'Declaration Regarding Guilty Plea' listed [section] 4501[, subdivision] (a), which was consistent with the 'Report and Recommendation.' Client disagreed and demanded to file appeal."

On January 27, 2025, defendant's certificate of probable cause was denied.

In *In re Chavez* (2003) 30 Cal.4th 643, the court stated, "[W]hen a defendant pleads guilty or no contest and is convicted without a trial, only limited issues are cognizable on appeal. A guilty plea admits every element of the charged offense and

7.

constitutes a conviction [citations], and consequently issues that concern the determination of guilt or innocence are not cognizable. [Citations.] Instead, appellate review is limited to issues that concern the 'jurisdiction of the court or the legality of the proceedings, including the constitutional validity of the plea.' " (*Id*. at p. 649.)

*Chavez* further provides,

"In the case of a judgment of conviction following a plea of guilty or no contest, section 1237.5 authorizes an appeal only as to a particular category of issues and requires that additional procedural steps be taken. That statute provides: 'No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty … except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court.'

"Rule 31(d) sets forth the applicable deadline, as well as other conditions, providing in part: 'If a judgment of conviction is entered upon a plea of guilty or nolo contendere, the defendant shall, within 60 days after the judgment is rendered, file as an intended notice of appeal the statement required by section 1237.5 …; but the appeal shall not be operative unless the trial court executes and files the certificate of probable cause required by that section. Within 20 days after the defendant files the statement the trial court shall execute and file either a certificate of probable cause or an order denying a certificate and shall forthwith notify the parties of the granting or denial of the certificate.'

"In the case of an appeal from a judgment of conviction following a plea of guilty or no contest, as we previously have explained, the requirement of a certificate of probable cause is intended ' "to promote judicial economy" [citation] "by screening out wholly frivolous guilty [and no contest] plea appeals before time and money are spent" on such matters as the preparation of the record on appeal [citation], the appointment of appellate counsel [citation], and, of course, consideration and decision of the appeal itself.' [Citations.]

"In such an appeal—raising so-called certificate issues—the certificate of probable cause must be obtained regardless of other procedural challenges being made. For example, a defendant who has filed a motion to withdraw a guilty plea that has been denied by the trial court

8.

still must secure a certificate of probable cause in order to challenge on appeal the validity of the guilty plea. [Citations.] A defendant who challenges the validity of such a plea on the ground that trial counsel rendered ineffective assistance in advice regarding the plea may not circumvent the requirements of section 1237.5 by seeking a writ of habeas corpus." (*Chavez*, at p. 650–651, fn. omitted.)

Here, the parties stipulated to the preliminary hearing transcript as the factual basis for the plea when the preliminary hearing had in fact been waived. However, a challenge to the factual basis for a plea is a challenge to the validity of the plea itself, and accordingly, requires a certificate of probable cause. (See *People v. Zuniga* (2014) 225 Cal.App.4th 1178, 1187.) Here, because defendant's certificate of probable cause was denied, the issue of whether the preliminary hearing transcript was an adequate factual basis for the plea when the preliminary hearing had been waived, challenging the validity of the plea, cannot be challenged on appeal.

After a thorough review of the record, we agree with defendant's appellate counsel there are no arguable issues in this case. There is nothing in this record to suggest any error occurred.

## **DISPOSITION**

The judgment is affirmed.

9.