Filed 6/29/16  P. v. Russell CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>KARL JOSEPH RUSSELL, JR.,<br><br>     Defendant and Appellant. | D068993<br><br><br><br>(Super. Ct. No. SCS278906) |

APPEAL from a judgment of the Superior Court of San Diego County, Edward P. Allard III and Garry G. Haehnle, Judges.  Affirmed.

Alex Kreit, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Karl Joseph Russell, Jr., was charged with one count of battery on a nonprisoner by a prisoner. (Pen. Code, § 4501.5; count 1.)[1] He pleaded guilty to attempting to resist an officer in the performance of his lawful duty (§§ 664, 69; count 2 amended by interlineation) with a stipulated sentence of 16 months in exchange for dismissal of count 1. The court sentenced Russell to 16 months to be served consecutive to the sentence he was serving for another conviction (*People v. Russell* (Super. Ct. San Diego County, 2008, No. SCN217314).) The court also imposed fines and assessments. In a letter to the court, Russell stated he wanted to "appeal some type of error in my case." This was deemed a notice of appeal. The court did not issue a certificate of probable cause. (§ 1237.5; Cal. Rules of Court, rule 8.304(b).)

Russell's appointed appellate counsel filed a brief requesting we independently review the record for error. (See *People v. Wende* (1979) 25 Cal.3d 436, 441-442.) Having done so and having identified no reasonably arguable appellate issues, we affirm the judgment.

## BACKGROUND[2]

### A

Richard Lopez, a correctional officer at the Richard J. Donovan Correctional Facility (RJD), observed another correctional officer tell inmate Russell he was out of

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     The factual background is taken from the preliminary hearing because Russell pleaded guilty.

bounds and asked Russell to leave the building. When Russell ignored the direction, Officer Lopez gave Russell a direct order to go back to his assigned housing unit. Russell walked out of the building, but then turned around and said, "Lopez, your days are numbered."

After waiting for other inmates to leave the building, Officer Lopez walked out of the building to verbally counsel Russell. Lopez saw Russell enter a building next door and followed him to tell him it was not acceptable to threaten a peace officer.

Lopez saw Russell going up some stairs and asked him to return. Russell said no, he was going home. After Lopez ordered him to return, Russell eventually did so. As Russell approached, Lopez asked him to place the items Russell was carrying on a table. Lopez told Russell he intended to restrain him for safety so he could counsel him about the threat. Russell said he was not going to listen to Lopez. Russell swore and said Lopez was not going to touch him.

Lopez again ordered Russell to put down the items in his hand. Russell threw the items on the floor, raised his hands in the air and walked toward Officer Lopez in an aggressive manner. Russell swore again and waived clenched fists in the air.

Russell appeared angry as he walked quickly toward Lopez. Russell thrust his chest toward Lopez, as though to chest bump him. Lopez grabbed Russell's shirt and tried to place Russell on the ground. As they were going down, Russell punched Lopez on the elbow and again in the face.

Once Russell was on the ground, he tried to fight Lopez and other responding officers. He tried to kick and punch as Lopez and the other officers restrained him. He

3

flung his arms around and twisted his entire body until the officers were able to put him in handcuffs and take him into custody.

## B

After considering the evidence presented at the preliminary hearing, the court found probable cause to believe the offense charged in count 1 had been committed and that Russell was guilty thereof. The court observed a violation of section 69 for resisting an executive officer might be more appropriate, but such a charge was not added at the time. The court bound Russell over for further proceedings and Russell's attorney entered a plea of not guilty.

At the conclusion of the hearing, Russell asked to address the court. The court said he could not do so and advised him not to make matters worse for himself. Russell stated, "I am not. I am just saying I never got discovery." When the court said he could deal with his lawyer, Russell said, "I am firing my lawyer." The court said he could not fire his lawyer because he had not paid for the lawyer. The court told him to keep his mouth shut. Russell responded, "Thank you."

## C

At a subsequent hearing, Russell pleaded guilty to unlawfully attempting to resist or delay an officer performing legal duties by force (§§ 69, 664) and admitted he had a prior conviction in 2008 for murder (§187, subd. (a)), which is a violent felony making him subject to the terms of the three strikes law (§§ 667, subds. (b)-(i), 1170.12). Before accepting the plea, the court confirmed that Russell read, understood, and discussed the change of plea form with his attorney before he signed the form. With Russell's

4

agreement, the court amended the change of plea form to include the code sections for the strike enhancement as well as the date of conviction and charge for the strike. Russell stipulated to a 16-month sentence to be served consecutive to the sentence for which he was incarcerated. The court confirmed he was not otherwise promised anything or threatened to execute the change of plea agreement.

After reviewing the form with Russell, the court accepted the plea finding Russell understood and voluntarily waived his constitutional rights, his plea and admission were freely and voluntarily made, and he understood the nature of the charges as well as the consequences of the plea. The court found a factual basis for the plea. The court granted the prosecution's motion to dismiss the balance of the charges in light of the plea.

Russell addressed the court asking the court to (1) make the sentence concurrent to the term for which he was serving prison time, (2) restore prison credits and status points, and (3) make orders regarding his mental and physical healthcare. The court explained the offer was for a consecutive sentence and the court did not have authority to change the offer to which Russell agreed. The court also explained the court does not have authority to address prison credits and status points because these are issues for the Department of Corrections. The court did order the Department of Corrections to review Russell's mental and physical conditions to ensure he received proper care. The court sentenced Russell to 16 months in prison based on the low term of eight months, doubled for the strike enhancement.

Russell's counsel noted for the record that the People considered documentation regarding Russell's "mental disorder and his behavior resulting from his mental disorder." The court indicated it understood this is why the offer was made.

DISCUSSION

Russell's appointed appellate counsel filed a brief summarizing the facts and proceedings below. Counsel presented no argument for reversal and instead requested we review the record for error as mandated by *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.

To aid our review, and consistent with *Anders v. California* (1967) 386 U.S. 738, 744, counsel identified one possible appellate issue: "Did the trial court abuse its discretion by failing to hold a hearing in response to Russell's request for new counsel and was this issue waived by Russell's guilty plea?" A guilty plea waives any claim of pre-plea errors, including a *Marsden*[3] error in denying a request to replace appointed counsel because the "error does not go to the legality of the proceedings resulting in the plea." (*People v. Lobaugh* (1987) 188 Cal.App.3d 780, 786; see *People v. Lovings* (2004) 118 Cal.App.4th 1305, 1312.) There is no indication from the record Russell did not receive effective assistance of counsel during the plea negotiations. (See *Missouri v. Frye* (2012) ___U.S.___ [132 S.Ct. 1399, 1407-1408, 182 L.Ed.2d 379, 390,] ["criminal defendants require effective counsel during plea negotiations"].)

_____

3      *People v. Marsden* (1970) 2 Cal.3d 118.

6

We granted Russell permission to file a supplemental brief on his own behalf. He submitted a letter stating he did not know how to defend himself and requested a new trial and new appointed counsel. He stated, "I have come to relize that I am just going to be another victim to abusive guards in prison, I have serious mental problems and while I was charged for hitting a officer that I didn't hit I am guilty of yelling at him. [¶] … So please review my case and grant a new trial or not it just don't matter anymore I will continue to press the issue in a lawsuit against these officers or we can come to a settlement take off the plea deal that I signed because of saftey of my life while at RJD in San Diego or you can allow unfair punishment." (Spelling, punctuation and grammatical errors in original.)

"Generally speaking, under section 1237.5, a defendant may not bring an appeal from a judgment of conviction entered after a guilty or no contest plea, including an appeal challenging the validity of the plea, unless he or she has first obtained from the superior court a certificate of probable cause. [Fn. omitted.]" (*People v. Zuniga* (2014) 225 Cal.App.4th 1178, 1182, citing *People v. Mendez* (1999) 19 Cal.4th 1084, 1095.) We cannot review the validity of the plea in this case because Russell did not obtain a certificate of probable cause and no exception to the requirement applies. (*Ibid.*)

As requested by counsel, we reviewed the record for error and did not find any reasonably arguable appellate issues. Russell has been competently represented by counsel on this appeal.

DISPOSITION

The judgment is affirmed.

7

McCONNELL, P. J.

WE CONCUR:

AARON, J.

IRION, J.