Filed 1/17/23 P. v. Bellegante CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>J TUCKER BELLEGANTE,<br><br>      Defendant and Appellant. | C094923<br><br>(Super. Ct. Nos. 21F0958,<br>21F1470, 21F89) |

After a jury found defendant J Tucker Bellegante guilty on all counts in one Shasta County felony case, he pled no contest to all counts in two other felony cases. The trial court sentenced defendant to a cumulative total of 10 years four months in prison, including, in one case, consecutive eight-month terms for possession of a firearm by a felon and possession of ammunition by a prohibited person. Defendant's only contention on appeal is that one of these terms should have been stayed pursuant to Penal Code

1

section 654.[1]  The Attorney General contends we must dismiss defendant's appeal because defendant did not obtain a certificate of probable cause.

We will modify the judgment to impose a full term sentence of 16 months, stayed pursuant to section 654.  As so modified, we will affirm the judgment.

BACKGROUND

In three separate cases in Shasta County, defendant was charged with a number of felonies and misdemeanors.  In the case relevant here, case No. 21F1470, defendant was charged with possession of a firearm by a felon (§ 29800, subd. (a); count 1), possession of ammunition by a prohibited person (§ 30305, subd. (a)(1); count 2), receiving a stolen vehicle with a prior such offense (§§ 496d, subd. (a), 666.5; count 3), noncompliance with a lawful order of a peace officer (Veh. Code, § 2800, subd. (a); count 4), possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a); count 5), and possession of controlled substance paraphernalia (Health & Saf. Code, § 11364, subd. (a); count 6).

As for the facts relevant to this appeal, according to a supplemental report prepared by a probation officer, in turn summarizing the sheriff's office report that served as the factual basis for the plea, after a sheriff's deputy attempted a traffic stop of a pickup truck, he saw a male exit the truck and run away.  Approximately 30 yards away, "along the path taken by the" male, the deputy found a loaded .22-caliber semiautomatic rifle.

On August 4, 2021, a jury in case No. 21F958 found defendant guilty on all counts charged in that case.  Defendant, through counsel, indicated he wanted to "plead open to the Court on the remaining charges" in the two trailing cases.  Defendant withdrew his

---

[1] Undesignated statutory references are to the Penal Code.

not guilty plea in those cases and entered an open plea, and pled no contest to all charges and allegations in case Nos. 21F1470 and 21F89.

The trial court sentenced defendant to a total term of 10 years four months in prison. Insofar as relevant to this appeal, in case No. 21F1470, the court sentenced defendant to consecutive terms of eight months, one-third the midterm, on count 1, possession of a firearm by a felon (§ 29800, subd. (a)), and count 2, possession of ammunition by a prohibited person (§ 30305, subd. (a)(1)).

DISCUSSION

I

*Certificate of Probable Cause*

The Attorney General asserts defendant's only claim on appeal—that his consecutive sentences violated section 654—attacks the legality of defendant's plea, and therefore the appeal must be dismissed because defendant failed to obtain a certificate of probable cause. In his reply brief, defendant counters that he entered an open no contest plea with no bargained-for exchange as to sentencing or otherwise, and thus there was no plea agreement. Therefore, according to defendant, he does not challenge the validity of a plea agreement, but rather the legality of the sentence imposed following his open plea. We agree defendant here may challenge the failure to apply section 654 without a certificate of probable cause.

"Generally speaking, under section 1237.5, a defendant may not bring an appeal from a judgment of conviction entered after a . . . no contest plea . . . unless he or she has first obtained from the superior court a certificate of probable cause." (*People v. Zuniga* (2014) 225 Cal.App.4th 1178, 1182, fn. omitted; see § 1237.5; see also Cal. Rules of Court, rule 8.304(b).) Section 1237.5 and rule 8.304(b) of the California Rules of Court "should be applied in a strict manner." (*People v. Mendez* (1999) 19 Cal.4th 1084, 1098 [discussing § 1237.5 and the predecessor to Cal. Rules of Court, rule 8.304(b)].)

One of the two types of issues that may be raised on appeal without a certificate of probable cause where a defendant has entered a guilty or no contest plea involves "issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed." (*People v. Panizzon* (1996) 13 Cal.4th 68, 74 (*Panizzon*); accord, *People v. Stamps* (2020) 9 Cal.5th 685, 694.) "In determining whether section 1237.5 applies to a challenge of a sentence imposed after a plea of guilty or no contest, courts must look to the substance of the appeal: 'the crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made.' [Citation.] Hence, the critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5." (*Panizzon*, at p. 76; accord, *Stamps*, at p. 694.)

"Even when a defendant purports to challenge only the sentence imposed, a certificate of probable cause is required if the challenge goes to an aspect of the sentence to which the defendant agreed as an integral part of a plea agreement." (*People v. Johnson* (2009) 47 Cal.4th 668, 678; accord, *People v. Stamps, supra*, 9 Cal.5th at p. 694.) " 'When a guilty [or nolo contendere] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement.' " (*Panizzon, supra*, 13 Cal.4th at p. 80.) " '[A] challenge to a negotiated sentence imposed as part of a plea bargain is properly viewed as a challenge to the validity of the plea itself' and thus requires a certificate of probable cause." (*People v. Shelton* (2006) 37 Cal.4th 759, 766, quoting *Panizzon*, at p. 79; see *People v. Buttram* (2003) 30 Cal.4th 773, 789 (*Buttram*) ["when the parties agree to a *specified* sentence, any challenge to that sentence attacks a term, and thus the validity, of the plea itself"].)

Review of the record makes clear defendant entered an open plea of no contest to all counts in case Nos. 21F1470 and 21F89. "An open plea is one under which the defendant is not offered any promises. [Citation.] In other words, the defendant

4

'plead[s] unconditionally, admitting all charges and exposing himself to the maximum possible sentence if the court later chose to impose it.' " (*People v. Cuevas* (2008) 44 Cal.4th 374, 381, fn. 4 (*Cuevas*).)

After the jury returned its guilty verdicts in case No. 21F958, defense counsel inquired about the existence of any prosecution "offer." The prosecutor stated, "the general position of my office is after something confirms for trial, any plea needs to be an open plea." Defense counsel asked whether the court "would be willing to give a tentative to an open plea," but the court did not, indicating it would require further research into maximum terms and the applicability of section 654. Following a recess, defense counsel indicated defendant wished to enter an open plea to the remaining charges. The prosecutor indicated her preference to dismiss an additional trailing misdemeanor matter for "convenience."[2] Immediately thereafter, the prosecutor stated, "And I just want to be clear that the People are not willing to agree to any sort of disposition, but --" "-- in the interest of efficiency." The court and the parties discussed defendant's maximum possible term. To be clear, they did not contemplate a bargained-for sentencing lid or a maximum agreed-upon term; rather, they discussed defendant's maximum statutory exposure, as required. (*Bunnell v. Superior Court* (1975) 13 Cal.3d 592, 605 [in all guilty plea cases the defendant "shall be advised of the direct consequences of conviction such as the permissible range of punishment provided by statute"].) The court then accepted defendant's no contest plea following waiver of his trial rights.

---

[2] There is nothing in the record to establish the prosecutor dismissed the misdemeanor matter in exchange for defendant's no contest plea or as part of any bargained-for exchange.

5

The plea form stated defendant entered an open plea, and that he would serve no more than 11 years in prison, aligning with the court's and the parties' calculations as to defendant's maximum statutory exposure.[3] Above the prosecutor's signature, the words "the plea agreement" were crossed out and the words "open plea" were handwritten in so the prosecutor's representation stated: "I have read this form and understand the terms of [the] open plea." On the following line, the words "plea agreement and the indicated sentence" were crossed out and the words "open plea" were handwritten in so the statement read that the prosecutor agreed "with the terms of the open plea."

Thus, defendant entered a truly open no contest plea. The court subsequently imposed sentence.

As the Supreme Court has stated, an "appeal following conviction on a guilty or no-contest plea must be dismissed absent a certificate [of probable cause] 'if, *in substance*, it challenges the validity of the plea. [Citation.] *It does so if the sentence was part of a plea bargain*. [Citation.] *It does not if it was not* [citation] -- especially so if the claim or claims in question were "reserved as part of the plea agreement." ' " (*Buttram, supra*, 30 Cal.4th at pp. 784-785, some italics added; see *Panizzon, supra*, 13 Cal.4th at pp. 78-79.)

Defendant chose to plead no contest in case Nos. 21F1470 and 21F89 in the absence of any offer or bargained-for exchange. Neither the prosecutor nor the court offered defendant anything in exchange for his plea and defendant did not receive anything in exchange for his plea. Neither the prosecution nor the court offered a sentencing lid or an agreed-upon maximum term of imprisonment. The maximum term discussed was defendant's maximum statutory exposure. In short, there was no plea

---

[3] It appears the correct maximum statutory exposure, prior to consideration of the application of section 654 to counts 1 and 2 in case No. 21F1470, was the sentence imposed: 10 years four months.

6

bargain or plea agreement.  (See *Buttram, supra*, 30 Cal.4th at pp. 784-785 [appeal raising sentencing issue does not challenge validity of plea if sentence was not part of plea bargain].)  Because defendant's challenge to his sentence is not, in substance, a challenge to the validity of the plea, and instead pertains to proceedings held after the plea for determining the penalty to be imposed, defendant was not required to obtain a certificate of probable cause under section 1237.5.  (See *Panizzon, supra,* 13 Cal.4th at p. 76.)

The case on which the Attorney General relies, *Cuevas, supra*, 44 Cal.4th 374, differs in a crucial respect from this case.  As the Attorney General notes, in *Cuevas*, the Supreme Court stated: "In asserting that section 654 requires the trial court to stay any duplicative counts, defendant is not challenging the court's exercise of sentencing discretion, but attacking its *authority* to impose consecutive terms for these counts.  This amounts to a challenge to the plea's validity, requiring a certificate of probable cause, which defendant failed to secure."  (*Id*. at p. 384.)  However, in *Cuevas*, there was a bargained-for exchange and a resulting plea agreement.  In *Cuevas*, based on two aggravated kidnapping charges, defendant faced the possibility of two life terms plus 37 years for other counts and enhancement allegations.  (*Id*. at pp. 377, 383.)  In exchange for the defendant's no contest plea, the prosecution agreed to reduce the aggravated kidnapping charges and drop 31 firearm enhancement allegations and replace them with a single weapon use enhancement allegation, resulting in a bargained-for maximum exposure of 37 years eight months.  (*Id*. at pp. 377-378, 383-384.)  As the Supreme Court stated: "By negotiating the reduction and dismissal of these charges, defendant necessarily understood and agreed that he faced a significantly reduced sentence of 37 years eight months.  This maximum sentence was 'part and parcel' of the plea bargain the parties negotiated.  [Citations.]  Thus, by challenging the negotiated maximum sentence imposed as part of the plea bargain, defendant is challenging the validity of his plea

7

itself." (*Id*. at pp. 383-384.) Here, as stated, there was no bargained-for exchange and no plea agreement to enforce.

The Attorney General emphasizes other language in *Cuevas*: "[T]he presence or absence of a sentence lid does not dictate the result here. For purposes of the certificate of probable cause requirement, the critical question is whether defendant's section 654 challenge to his sentence is in substance a challenge to the validity of his plea. [Citations.] In other words, the question is whether defendant 'seeks only to raise [an] issue[] reserved by the plea agreement, and as to which he did not expressly waive the right to appeal.' [Citations.] We conclude that defendant's plea agreement did not reserve such a postplea challenge because the maximum possible sentence defendant faced was 'part and parcel of the plea agreement he negotiated with the People.' " (*Cuevas, supra*, 44 Cal.4th at p. 381.) At issue in *Cuevas* was the defendant's challenge to "the very sentence he negotiated as part of the plea bargain," and therefore he was "attacking the validity of his plea." (*Id*. at p. 382.) Again, here, there was no plea agreement.

Defendant did not agree to any plea terms to which he must be held. His challenge to a portion of his sentence cannot be characterized as " 'an effort to unilaterally improve, and thus alter, the terms of that which was agreed.' " (*Cuevas, supra*, 44 Cal.4th at p. 383.) Defendant's challenge, in substance, is not one to the validity of his plea, but to an issue arising after the plea for the purpose of determining the penalty to be imposed. (See *Panizzon, supra*, 13 Cal.4th at pp. 74, 76; see also *Buttram, supra*, 30 Cal.4th at pp. 784-785 [appeal raising sentencing issue does not challenge validity of plea if sentence was not part of plea bargain].) Accordingly, he may raise it without a certificate of probable cause.

8

## II

### *Section 654*

Defendant asserts section 654 bars separate punishment on counts 1 and 2 in case No. 21F1470 and the sentence imposed on count 2 should have been stayed. The Attorney General concedes the point. We agree.

Section 654 provides, in part: "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a).) " 'Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.' " (*People v. Correa* (2012) 54 Cal.4th 331, 336.) An implicit finding that there was more than one objective is a factual determination that must be sustained on appeal if it is supported by substantial evidence. (*People v. Osband* (1996) 13 Cal.4th 622, 730.)

"Courts have found section 654 prohibits punishing a defendant for both being a felon in possession of a firearm and unlawful possession of ammunition when all of the ammunition in question was loaded into the firearm or had been fired from it." (*People v. Broadbent* (2020) 47 Cal.App.5th 917, 922.) "To allow multiple punishment for possessing ammunition in a firearm would . . . parse the objectives too finely." (*People v. Lopez* (2004) 119 Cal.App.4th 132, 138.) The court in *Lopez* acknowledged there "may be instances when multiple punishment is lawful for possession of a firearm and ammunition," but concluded that the case before it was not one of them. (*Ibid.*) That court concluded that, where, as in that case, "all of the ammunition is loaded into the firearm, an 'indivisible course of conduct' is present and section 654 precludes multiple punishment" for unlawful possession of a firearm (former § 12021) and unlawful possession of ammunition (former § 12316). (*Lopez*, at p. 138; accord, *People v. Sok*

9

(2010) 181 Cal.App.4th 88, 100 [trial court erred in failing to stay sentences on ammunition counts "because the ammunition at issue in those two counts was either loaded into [the defendant's] handgun or had been fired from that gun"; no evidence supported trial court's implied finding the defendant had different or multiple objectives in possessing loaded firearm and possessing ammunition in the gun].)

Here, too, there is nothing in the record to support an implied finding defendant had different or multiple objectives in possessing the rifle and the ammunition loaded in it. We agree with defendant, and accept the Attorney General's concession, that the sentence on count 2 in case No. 21F1470 must be modified. "The one-third-the-midterm rule of section 1170.1, subdivision (a), only applies to a consecutive sentence, not a sentence stayed under section 654." (*People v. Cantrell* (2009) 175 Cal.App.4th 1161, 1164.) "To effectuate section 654, the trial court must impose a full term and stay execution of that term." (*People v. Relkin* (2016) 6 Cal.App.5th 1188, 1198, citing *People v. Alford* (2010) 180 Cal.App.4th 1463, 1469-1472.) We exercise our inherent authority to correct what would otherwise be an unauthorized sentence (*People v. Smith* (2001) 24 Cal.4th 849, 852) by modifying the judgment to impose a full term sentence of 16 months (the low term), stayed pursuant to section 654. We direct the trial court to amend the abstract of judgment accordingly.

## DISPOSITION

The oral pronouncement of judgment is modified to reflect the imposition of a full term sentence of 16 months (the low term), stayed pursuant to section 654 on count 2 in case No. 21F1470. As so modified, the judgment is affirmed. The clerk shall prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.


          /s/          
BOULWARE EURIE, J.


We concur:


          /s/          
DUARTE, Acting P. J.


          /s/          
RENNER, J.

11