Filed 7/31/23  P. v. Hankins CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C096986 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF21-01141) |
| v. | |
| WILLIAM BO HANKINS, | |
| Defendant and Appellant. | |

Defendant William Bo Hankins pled no contest to robbery and admitted a prior strike in exchange for a stipulated sentence of either four or 10 years, depending on his compliance with the terms of an included *Cruz* waiver.[1]  Defendant violated the terms of the waiver and the court imposed the stipulated 10-year sentence, which included the upper term sentence on the robbery count.  On appeal, defendant argues this case must be

---

[1]  *People v. Cruz* (1988) 44 Cal.3d 1247.

1

remanded for resentencing due to changes made to Penal Code[2] section 1170, subdivision (b) by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731) (Senate Bill 567), claiming the imposition of the upper term sentence violated his constitutional right to a jury trial on any aggravating factors. The People respond defendant's case must be dismissed because he did not obtain a certificate of probable cause before appealing. We agree with the People and will dismiss the case accordingly.

## BACKGROUND

The prosecution charged defendant with a single count of robbery (§ 211) and alleged defendant had a prior strike conviction (§ 1170.12) in the form of a 2018 robbery conviction, which was also a serious felony (§ 667, subd. (a)(1)).

On June 9, 2022, the parties entered into a plea agreement. The parties stipulated to a factual basis as contained in the sheriff's report, which explained defendant had taken several items from Walmart and threatened an employee when confronted. Defendant agreed to plead no contest to the robbery count and admit the prior strike, in exchange for dismissal of all other allegations and two other cases defendant had pending.

As part of the agreement, defendant agreed to a *Cruz* waiver and would be released on his own recognizance until the sentencing hearing. He agreed to obey all laws as part of the waiver, among other things. If defendant complied with the terms of the waiver, he would receive a sentence of four years. If he did not comply with the terms of the waiver, he would receive a sentence of 10 years.

Defendant violated the terms of the *Cruz* waiver, as determined after an August 2022 evidentiary hearing. At the September 7, 2022 sentencing hearing, the court explained it would adopt the stipulated sentence, saying: "A stipulation, once it gets to

---

[2] Undesignated statutory references are to the Penal Code.

me, I have the choice of I accept the stipulation or I reject it. There is no reason to reject it. And in this matter the Court can't say hey, I'm going to give you low term. Doesn't work like that. Once you stipulate and resolve the case, that is the sentence that was negotiated in this matter." The court then imposed a sentence of 10 years, the upper term of the robbery count doubled for the prior strike.

Defendant filed a notice of appeal without a certificate of probable cause.

DISCUSSION

Defendant argues the trial court could not impose the upper term sentence because section 1170, subdivision (b), as amended by Senate Bill 567, forbade it from imposing the upper term unless defendant stipulated to aggravating factors or the court found those factors true beyond a reasonable doubt. The People assert defendant's claim attacks the validity of the plea, and therefore the appeal must be dismissed because defendant did not obtain a certificate of probable cause. We agree with the People.

"Generally speaking, under section 1237.5, a defendant may not bring an appeal from a judgment of conviction entered after a . . . no contest plea . . . unless he or she has first obtained from the superior court a certificate of probable cause." (*People v. Zuniga* (2014) 225 Cal.App.4th 1178, 1182, fn. omitted; see § 1237.5; see also Cal. Rules of Court, rule 8.304(b).) Section 1237.5 and rule 8.304(b) of the California Rules of Court "should be applied in a strict manner." (*People v. Mendez* (1999) 19 Cal.4th 1084, 1098 [discussing § 1237.5 and the predecessor to Cal. Rules of Court, rule 8.304(b)].)

However, "issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed" may be raised on appeal without a certificate of probable cause. (*People v. Panizzon* (1996) 13 Cal.4th 68, 74 (*Panizzon*); accord, *People v. Stamps* (2020) 9 Cal.5th 685, 694.) "In determining whether section 1237.5 applies to a challenge of a sentence imposed after a plea of guilty or no contest, courts must look to the substance of the appeal: 'the crucial issue is what the defendant is challenging, not the time or manner in which the challenge

3

is made.' [Citation.] Hence, the critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5." (*Panizzon*, at p. 76; accord, *Stamps*, at p. 694.)

"Even when a defendant purports to challenge only the sentence imposed, a certificate of probable cause is required if the challenge goes to an aspect of the sentence to which the defendant agreed as an integral part of a plea agreement." (*People v. Johnson* (2009) 47 Cal.4th 668, 678; accord, *People v. Stamps, supra*, 9 Cal.5th at p. 694.) " 'When a guilty [or nolo contendere] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement.' " (*Panizzon, supra*, 13 Cal.4th at p. 80.) " '[A] challenge to a negotiated sentence imposed as part of a plea bargain is properly viewed as a challenge to the validity of the plea itself' and thus requires a certificate of probable cause." (*People v. Shelton* (2006) 37 Cal.4th 759, 766, quoting *Panizzon*, at p. 79; see *People v. Buttram* (2003) 30 Cal.4th 773, 789 ["when the parties agree to a *specified* sentence, any challenge to that sentence attacks a term, and thus the validity, of the plea itself"].)

Defendant entered into a plea agreement in which he stipulated to a 10-year sentence if he violated the terms of his *Cruz* waiver and he proceeded to violate the waiver. The trial court explained the two potential stipulated sentences to defendant at the change of plea hearing and defendant indicated he understood those terms. The parties entered into the agreement in June 2022 and the court imposed the 10-year sentence in September 2022, both well after Senate Bill 567 took effect on January 1, 2022. (Stats. 2021, ch. 731, eff. Jan. 1, 2022.) At no time during the change of plea or sentencing hearings did defendant object to the term of his imprisonment, nor did counsel raise any objection that the imposition of the sentence ran afoul of Senate Bill 567's

4

requirements.[3]  Finally, the court correctly noted it did not have any discretion as to defendant's sentence, given the plea agreement.  The trial court then simply sentenced defendant "in accordance with the previously entered plea." (*Panizzon, supra*, 13 Cal.4th at p. 78.)  Accordingly, "by contesting the constitutionality of the very sentence he negotiated as part of the plea bargain, defendant is, in substance, attacking the validity of the plea." (*Ibid.*)  We conclude defendant was required to obtain a certificate of probable cause before proceeding with his appeal.

Defendant argues no certificate of probable cause is required because he is not challenging the plea agreement, but rather the "propriety and legality of the sentence"; defendant asserts that he is making a purely legal argument "about the applicability of what is essentially a sentencing enhancement."  Defendant's reliance on *People v. Corban* (2006) 138 Cal.App.4th 1111 and *People v. Loera* (1984) 159 Cal.App.3d 992, which both found no certificate of probable cause requirement for challenges involving sentence enhancements, is misplaced.  First, a sentence enhancement, which is a term of imprisonment added to a base term, is different than an upper term sentence, which is merely the base term of a sentence. (*People v. Pantaleon* (2023) 89 Cal.App.5th 932, 939.)  Second, *Corban* and *Loera* both confined their respective analyses to sentencing challenges that had "nothing to do with the particular facts of the defendant's case." (*People v. Corban, supra*, 138 Cal.App.4th at p. 1116.)  Here, defendant's challenge rests largely on the particular facts of his case, including any aggravating facts in his underlying offense and the specific procedures the trial court applied, or did not apply, to evaluate those facts when accepting the negotiated disposition.  We therefore find no

---

[3]  Although not argued by the People, we note defendant's failure to raise the issue in the trial court likely forfeited the issue on appeal. (*People v. Flowers* (2022) 81 Cal.App.5th 680, 683-684, review granted Oct. 12, 2022, S276237; *People v. Scott* (1994) 9 Cal.4th 331, 351.)

merit in defendant's argument.  Because the lack of a certificate of probable cause is fatal to defendant's appeal, we do not reach any other issues defendant raises.

DISPOSITION

The appeal is dismissed.

/s/

BOULWARE EURIE, J.

We concur:

/s/

DUARTE, Acting P. J.

/s/

MESIWALA, J.

6