Filed 1/9/24  P. v. Lynch CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C097434 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 19CF01700, 20CF03151 ) |
| v. | |
| PERRY MICHAEL LYNCH, | |
| Defendant and Appellant. | |

In 2022, defendant Perry Michael Lynch pleaded no contest to selling or transporting a controlled substance in exchange for a stipulated upper-term sentence of five years.  The trial court sentenced defendant in conformance with the agreement and added consecutive sentences for other convictions in a separate case.  On appeal, defendant argues this case must be remanded for resentencing because the trial court imposed the upper-term sentence without making the factual findings of aggravating factors required by Penal Code[1] section 1170, subdivision (b), as amended by Senate Bill No. 567 (2021-2022 Reg. Sess.).  (Stats. 2021, ch. 731, § 1.3.)  The People respond defendant's case must be dismissed because he did not obtain a certificate of probable cause before appealing.  We agree with the People and will dismiss the case accordingly.

---

[1] Undesignated statutory references are to the Penal Code.

1

In case No. 19CF01700, the prosecution charged defendant with three counts of robbery (§ 211) and alleged a deadly weapon was used (§ 12022, subd. (b)(1)) as to each count. Defendant pleaded guilty to two of the counts in exchange for the dismissal of the balance of the charges. The court suspended imposition of sentence and placed defendant on a three-year probation term.

In case No. 20CF03151, the prosecution charged defendant with transportation of a controlled substance (Health & Saf. Code, § 11352, subd. (a)), possession of a controlled substance for sale (*id.*, § 11351), misdemeanor possession of a controlled substance (*id.*, § 11377, subd. (a)), and misdemeanor possession of drug paraphernalia (*id.*, § 11364, subd. (a)). The prosecution also alleged defendant had a prior strike felony. (§§ 667, subd. (d), 1170.12, subd. (b).) On July 8, 2022, defendant pleaded no contest to the transportation of a controlled substance count for a stipulated upper-term sentence of five years and dismissal of the remaining charges. The parties agreed they would be permitted to argue sentencing in case No. 19CF01700.

At the October 27, 2022, sentencing hearing, the trial court confirmed with defense counsel that the agreed-upon term for case No. 20CF03151 was the "5-year upper-term sentence." The court asked defense counsel, "And do you stipulate to me imposing that sentence in that case?" Defense counsel responded, "Yes."

The parties then argued sentencing in case No. 19CF01700. The trial court terminated probation. The court then imposed the upper term, five-year sentence in case No. 20CF03151 and added two consecutive one-year terms (one-third the midterm sentence) for the convictions in case No. 19CF01700.

Defendant filed a notice of appeal without a certificate of probable cause.

## DISCUSSION

Defendant argues the trial court could not impose the upper-term sentence because section 1170, subdivision (b), as amended by Senate Bill No. 567, forbade it from

imposing the upper term unless defendant stipulated to aggravating factors or the court found those factors true beyond a reasonable doubt.  The People assert defendant's claim attacks the validity of the plea, and therefore the appeal must be dismissed because defendant did not obtain a certificate of probable cause.  We agree with the People.

"Generally speaking, under section 1237.5, a defendant may not bring an appeal from a judgment of conviction entered after a . . . no contest plea . . . unless he or she has first obtained from the superior court a certificate of probable cause." (*People v. Zuniga* (2014) 225 Cal.App.4th 1178, 1182, fn. omitted; see § 1237.5; see also Cal. Rules of Court,[2] rule 8.304(b).)  Section 1237.5 and rule 8.304(b) "should be applied in a strict manner." (*People v. Mendez* (1999) 19 Cal.4th 1084, 1098 [discussing § 1237.5 and the predecessor to rule 8.304(b)].)

However, "issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed" may be raised on appeal without a certificate of probable cause.  (*People v. Panizzon* (1996) 13 Cal.4th 68, 74 (*Panizzon*); accord, *People v. Stamps* (2020) 9 Cal.5th 685, 694.)  "In determining whether section 1237.5 applies to a challenge of a sentence imposed after a plea of guilty or no contest, courts must look to the substance of the appeal:  'the crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made.'  [Citation.]  Hence, the critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5." (*Panizzon*, at p. 76; accord, *Stamps*, at p. 694.)

"Even when a defendant purports to challenge only the sentence imposed, a certificate of probable cause is required if the challenge goes to an aspect of the sentence to which the defendant agreed as an integral part of a plea agreement." (*People v. Johnson* (2009) 47 Cal.4th 668, 678; accord, *People v. Stamps, supra*, 9 Cal.5th at

---

[2] Undesignated rule references are to the California Rules of Court.

p. 694.)  " 'When a guilty [or nolo contendere] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement.' " (*Panizzon, supra*, 13 Cal.4th at p. 80.)  " '[A] challenge to a negotiated sentence imposed as part of a plea bargain is properly viewed as a challenge to the validity of the plea itself' and thus requires a certificate of probable cause." (*People v. Shelton* (2006) 37 Cal.4th 759, 766, quoting *Panizzon*, at p. 79; see *People v. Buttram* (2003) 30 Cal.4th 773, 789 ["when the parties agree to a *specified* sentence, any challenge to that sentence attacks a term, and thus the validity, of the plea itself"].)

Defendant entered into a plea agreement in which he stipulated to a five-year, upper term sentence in case No. 20CF03151 in exchange for the dismissal of several other charges and a prior strike allegation.  At the sentencing hearing, the trial court confirmed that sentence and the parties agreed it should be imposed.  The parties entered into the plea agreement in July 2022 and the court imposed the sentence in October 2022, well after Senate Bill No. 567 took effect on January 1, 2022.  (Stats. 2021, ch. 731, § 1.3, eff. Jan. 1, 2022.)  At no time did defendant object to the term of his imprisonment, nor did counsel object that the imposition of the sentence ran afoul of Senate Bill No. 567's requirements.[3]  The trial court simply sentenced defendant "in accordance with the previously entered plea." (*Panizzon, supra*, 13 Cal.4th at p. 78.)  Accordingly, by challenging "the very sentence he negotiated as part of the plea bargain, defendant is, in substance, attacking the validity of the plea." (*Ibid.*)  We conclude defendant was required to obtain a certificate of probable cause before proceeding with his appeal.

---

[3]  Although not argued by the People, we note defendant's failure to raise the issue in the trial court likely forfeited the issue on appeal. (*People v. Flowers* (2022) 81 Cal.App.5th 680, 683-684, review granted Oct. 12, 2022, S276237; *People v. Scott* (1994) 9 Cal.4th 331, 351.)

4

Defendant argues no certificate of probable cause is required because he is challenging only the "sentence or matters occurring after the plea was entered," consistent with rule 8.304(b)(2)(B).  However, rule 8.304(b)(2)(B) states that no certificate of probable cause is required for an appeal based on "[t]he sentence or other matters occurring after the plea or admission *that do not affect the validity of the plea or admission*."  (Italics added.)  As explained above, defendant's appeal of his sentence challenges an integral part of the plea agreement, which was formed with full knowledge of Senate Bill No. 567's changes.  Thus, defendant's challenge " 'is properly viewed as a challenge to the validity of the plea itself' and thus requires a certificate of probable cause."  (*People v. Shelton*, *supra*, 37 Cal.4th at p. 766.)  We reject defendant's argument.

Because the lack of a certificate of probable cause is fatal to the appeal, we need not reach the merits of defendant's claims.

DISPOSITION

The appeal is dismissed.

/s/_____<br>
Wiseman, J.*

We concur:


/s/_____
Robie, Acting P. J.


/s/_____
Krause, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.