Filed 6/4/26  P. v. Hunter CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>LARYRECE HUNTER,<br><br>　　　　Defendant and Appellant. | B343311<br><br>(Los Angeles County<br>　Super. Ct. No. 24ARCF00689) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Christopher W. Dybwad, Judge.  Affirmed.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

# INTRODUCTION

After the trial court denied his request for mental health diversion, Laryrece Hunter pleaded no contest to assault with a semiautomatic weapon and admitted firearm and great bodily injury allegations. The trial court sentenced Hunter to prison for 12 years. Hunter appeals from the judgment, challenging the order denying his request for mental health diversion. The trial court denied his request for a certificate of probable cause.

We appointed counsel to represent Hunter on appeal. After reviewing the record counsel for Hunter filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 that did not identify any arguable issues. After independently reviewing the record, we have not identified any either. Therefore, we affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

While stopped at a red light one evening in April 2024, Hunter, without provocation, fired a semiautomatic ghost gun at the car next to him. All four bullets hit the car; two of them struck one of the three people in the car in the leg and buttocks. Hunter fled the scene and threw the gun into a dumpster behind a pizza restaurant, but returned later that night to retrieve the weapon. Police were able to locate Hunter by analyzing cell phone pings, license plate reader data, video footage, and a witness's identification.

The People charged Hunter with three counts of assault with a semiautomatic weapon (Pen. Code, § 245, subd. (b)),[1] one count of shooting at an inhabited vehicle (§ 246), and

---

[1] Statutory references are to the Penal Code.

one count of possessing a firearm as a felon (§ 29800, subd. (a)(1)). The People alleged that Hunter inflicted great bodily injury, within the meaning of section 12022.7, subdivision (a), and that he personally used a firearm, within the meaning of section 12022.5, subdivisions (a) and (d). The People further alleged Hunter "suffered prior convictions as an adult and sustained petitions in juvenile delinquency proceedings that are numerous and of increasing seriousness, within the meaning of California Rules of Court, rule 4.421(b)(2)."

At a pretrial hearing counsel for Hunter advised the trial court Hunter wanted "to pursue mental health diversion" under section 1001.36. Hunter subsequently filed a psychological evaluation by a psychologist. The psychologist stated Hunter "reported that he experiences auditory and visual hallucinations and paranoia and feels that he is watched and is in danger" and that he is "depressed at times and is agitated at times." The psychologist also stated Hunter admitted that he used methamphetamine, fentanyl, and cannabis prior to committing the current offense and that he "attended the Tarzana Treatment Center in 2024 and completed the three month residential treatment program [and] was in the outpatient treatment program for two months, when he relapsed." The psychologist concluded that Hunter met the diagnostic criteria for schizophrenia and bipolar disorder, but that there was "no evidence of sociopathy" and that Hunter "is able to learn from his mistakes." The psychologist recommended the court place Hunter in a residential treatment program where he could "receive psychiatric treatment" and "individual or group psychotherapy once a month," as well as "weekly substance abuse treatment and attend self-help groups."

The People opposed Hunter's motion for mental health diversion. The People argued the psychologist's evaluation "indicates that [Hunter] is capable of learning from his mistakes, but his criminal history reveals that despite being prohibited from owning firearms, he has been repeatedly arrested and convicted for various firearms violations over the span of the last ten years, suggesting that this pattern of behavior is likely the result of recidivist criminal behavior and not a manifestation of mental illness or substance abuse. Finally, although the psychological evaluation notes that [Hunter] experiences hallucinations, there is no evidence or indication that these symptoms were present, much less determinative, at the time the crime was committed. The lack of a substantial causal link between the mental health disorder and the criminal behavior disqualifies [Hunter] from diversion."

The People also argued the proposed treatment facility, God's Property, "does not provide the intensive, structured intervention recommended by the psychological evaluation. Notably, the program is an unlocked facility, leaving the defendant with the option to self-discharge, which is particularly concerning given his history of non-compliance with court orders and release conditions. Additionally, the program's structure does not appear to include targeted measures to address the defendant's violent tendencies and substance abuse triggers . . . . Finally, it should be noted that online searches reveal that 'God's Property Sober-Living Foundation' has a listed phone number that appears unmonitored . . . and the facility's online listing appears as 'temporarily closed.'" The People also argued that Hunter was a danger to society in that he "engaged in deliberate and violent conduct" and that his "possession and use of an

illegal, untraceable ghost gun, combined with the calculated effort to dispose of and later retrieve the firearm, demonstrate a sophisticated and calculated intent. . . .  [¶] [Hunter's] extensive criminal history, which includes repeated weapons-related offenses and behavior that directly contributed to the commission of the present crime . . . demonstrates an ongoing pattern of dangerous conduct and suggests a significant likelihood of future violent behavior."

The trial court denied the motion for mental health diversion.  The court stated:  "In light of the full record in front of me, I am going to deny the motion for mental health diversion primarily because the proposed plan isn't sufficient to protect the public although I do have a concern about nexus.  And although it's admirable that Mr. Hunter was at Tarzana Treatment Center, that also does suggest that type of program was ineffective."

After the trial court denied his motion for mental health diversion, Hunter agreed to plead no contest to one count of assault with a semiautomatic weapon and admit the firearm and great bodily injury allegations.  Pursuant to the plea agreement, the trial court sentenced Hunter to the middle term of six years, plus three years for the great bodily injury enhancement and three years for the firearm enhancement, for an aggregate prison term of 12 years.  The court dismissed the remaining counts in the interest of justice.

Hunter filed a notice of appeal "from the denial of mental health diversion" and a "supplemental" notice of appeal that included a request for a certificate of probable cause.  The request for a certificate of probable cause stated that Hunter was appealing "from the judgment" and that the "appeal follows the

5

denial of the defendant's petition for mental health diversion pursuant to Penal Code section 1001.36, after which he pled no contest. . . . This appeal raises only the denial of the mental health diversion petition." The trial court denied the request for a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent Hunter in this appeal. After reviewing the record counsel filed a brief raising no issues. Appointed counsel advised Hunter that he could personally submit any contentions or issues he wanted this court to consider. Appointed counsel also sent Hunter "nine volumes of transcripts representing the record on appeal" and a copy of the appellate brief. This court also sent a letter to Hunter on March 25, 2026 advising him that, "[w]ithin 30 days of the date of this notice, [he] may submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments which appellant wishes this court to consider." We did not receive a response from Hunter.

Following a judgment based on a plea of no contest, a defendant must obtain a certificate of probable cause from the trial court to challenge certain issues on appeal, including the denial of mental health diversion. (§ 1237.5; see *People v. Robinson* (2024) 100 Cal.App.5th 133, 136 [raising the issue of mental health diversion after a no-contest plea requires a certificate of probable cause]; Cal. Rules of Court, rule 8.304(b)(1)(A).)

"The trial court must issue the certificate if the defendant's statement under section 1237.5 presents 'any cognizable issue for appeal which is not *clearly* frivolous and vexatious.'" (*People v.*

6

*Johnson* (2009) 47 Cal.4th 668, 676; see *People v. Arriaga* (2014) 58 Cal.4th 950, 958 ["issuance of the certificate is proper when the issue on appeal involves 'an honest difference of opinion'"].) "If the trial court wrongfully refuses to issue a certificate, the defendant may seek a writ of mandate from the appellate court." (*Johnson*, at p. 676.) Hunter did not file a petition for writ of mandate challenging the trial court's order denying his request for a certificate of probable cause.

Without a certificate of probable cause, our review is "limited to issues that do not require a certificate of probable cause." (Cal. Rules of Court, rule 8.304(b)(3).) Those issues are "(1) search and seizure issues for which an appeal is provided under section 1538.5, subdivision (m); and (2) issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed." (*People v. Panizzon* (1996) 13 Cal.4th 68, 74-75; accord, *People v. Zuniga* (2014) 225 Cal.App.4th 1178, 1182.)

We have examined the record and are satisfied that appellate counsel for Hunter has complied with his responsibilities and that there are no arguable issues. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

## DISPOSITION

The judgment is affirmed.


SEGAL, Acting P. J.

We concur:


FEUER, J.


STONE, J.