Filed 6/29/26  P. v. Boone CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>ALBERT LIVINGSTON BOONE,<br><br>　　　Defendant and Appellant. | A173514<br><br>(Humboldt County<br>Super. Ct. Nos. CR2102909,<br>CR2401338A, CR2402189,<br>CR2402190) |

Albert Livingston Boone has filed notices of appeal in four consolidated cases involving drug possession, which he resolved by a global plea bargain for a specified aggregate sentence of 16 years in prison.  Boone did not seek certificates of probable cause for his appeals (Penal Code, § 1237.5)[1], and each notice of appeal limits the appeal to the sentence or other matters following, and not affecting the validity of, the plea.  (See *People v. Panizzon* (1996) 13 Cal.4th 68, 74–75 (*Panizzon*) [limiting scope of issues appellant can raise, in light of section 1237.5, absent certificate of probable cause]; Cal. Rules of Court, rule 8.304(b) [same].)  Boone's appointed appellate counsel filed an opening brief raising no issues and asking this court to review the record independently.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Counsel advised

---

[1] All undesignated statutory citations are to the Penal Code.

1

Boone of his right personally to file a supplemental brief, but he has not done so. Having reviewed the record independently, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Each of the four cases arose from a distinct incident in which police officers either performed a traffic stop of Boone, or executed a search warrant, and found various illegal drugs. We briefly describe each below.

### *The First Case* (*No. CR2102909*)

In September 2021, Eureka police officers stopped Boone for traffic violations and searched his SUV. They found a digital scale with heroin residue and many small plastic bags and, behind the door giving access to the gas cap, roughly 20 grams of heroin and 3 grams of methamphetamine.[2] The Humboldt County District Attorney (DA) charged Boone, ultimately, with (1) selling, transporting, or offering to sell a controlled substance (heroin) (Health & Saf. Code, § 11352, subd. (a)) and (2) possessing a controlled substance (methamphetamine) while subject, based on a prior conviction, to a duty to register as a sex offender (*id.*, § 11377, subd. (a), cross-referring to Pen. Code, § 290, subd. (c) [registration]).[3] As to each count, the DA specially alleged facts supporting sentencing enhancements and aggravating factors. When arraigned in this and each later-filed case set forth below, Boone pled not guilty to each count and denied all special allegations.

---

[2] Weights in this opinion are rounded to the nearest whole unit.

[3] In each of the four consolidated cases at issue, the DA first charged Boone by felony complaint and then, after a preliminary hearing, by information. For simplicity, we set forth in text the charges in each information, the operative pleading in each case when Boone entered the plea bargain resolving all four cases.

### *The Second Case* (*No. CR2401338A*)

In what became the lead case, members of the Humboldt County Drug Task Force tracked Boone in April 2024 using a GPS transponder on his SUV as he drove from Oakland back to Humboldt County, where they stopped him and searched the SUV, finding just over one kilogram of fentanyl and three grams of heroin. After a preliminary hearing, the DA charged him with (1) transporting for sale a controlled substance (fentanyl) from a noncontiguous county (Health & Saf. Code, § 11352, subd. (b)), with a special allegation as to the substance's weight (over a kilogram) (*id.*, § 11370.4, subd. (a)); (2) selling, transporting, or offering to sell a controlled substance (heroin) (*id.*, § 11352, subd. (a)); (3) possessing a controlled substance (fentanyl) while required to register as a sex offender (*id.*, § 11350, subd. (a)); and (4) possessing a controlled substance (methamphetamine) while required to so register (*id.*, § 11377, subd. (a)). As to each count, the DA specially alleged that Boone committed the offense while released on bail or his own recognizance (Pen. Code, § 12022.1, subd. (b)), and also alleged aggravating sentencing factors.

### *The Third Case* (*No. CR2402189*)

In July 2024, members of the Task Force executed a warrant to search Boone's person and car, and a motel room and house he used, each in Eureka. The searches collectively yielded 17 grams of cocaine, 2 grams of methamphetamine, 7 grams of fentanyl, a 9mm Glock-style semi-automatic "ghost gun" lacking a serial number and holding 30 rounds of ammunition, and another 70 rounds of 9mm ammunition. The DA charged him with eight offenses, which comprised six felonies—(1) possessing a firearm as a felon (§ 29800, subd. (a)(l)); (2) possessing ammunition as a felon (§ 30305, subd. (a)(1)); (3) possessing for sale a controlled substance (fentanyl) (Health

3

& Saf. Code, § 11351); (4) possessing a controlled substance (cocaine) while required to register as a sex offender (*id.*, § 11350, subd. (a)); (5) possessing a controlled substance (methamphetamine) while required to register as a sex offender (*id.*, § 11377, subd. (a)); and (6) maintaining a place for selling or using a controlled substance (cocaine, fentanyl, and methamphetamine) (*id.*, § 11366)—and two misdemeanors: (7) unlawfully manufacturing or assembling a firearm (Pen. Code, § 29180, subd. (a)) and (8) manufacturing, importing, or keeping an unsafe handgun (§ 32000, subd. (a)(1)).  As to each count, the DA alleged aggravating factors and alleged that Boone committed the offense while released on bail or his own recognizance (§ 12022.1, subd. (b)).

### *The Fourth Case* (*No. CR2402190*)

The last case filed resulted from an earlier-conducted search, in April 2024, in which a Eureka K-9 officer stopped Boone for a traffic violation, and his dog alerted to an odor of drugs on Boone's car door handle.  Upon searching Boone's person and car, as well as a hotel room for which he was carrying a key, officers found nine grams of fentanyl and two grams of methamphetamine.  The DA charged Boone with (1) selling, transporting, or offering to sell a controlled substance (fentanyl) (Health & Saf. Code, § 11352, subd. (a)) and (2) possessing a controlled substance (methamphetamine) while required to register as a sex offender (*id.*, § 11377, subd. (a)).  For each count, the information alleged aggravating sentencing factors.

### *Trial Court Proceedings.*

The trial court oversaw several years of proceedings in the cases, which it eventually consolidated for trial.  We have reviewed the record of proceedings preceding the plea bargain, which did not involve a motion to suppress evidence (§ 1538.5) or other matter Boone could raise without a

4

certificate of probable cause on appeal from a judgment following a plea bargain. (*Panizzon, supra*, 13 Cal.4th at pp. 74–75.) The proceedings did include hearings on, and orders denying, Boone's motions to discharge and substitute counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 in the first case, to compel disclosure of a confidential informant's identity in the second and third cases; and to grant military diversion as a United States Marine Corps veteran.

In April 2025, on the day set for trial to begin, Boone reached a plea bargain memorialized in separate written plea agreements in all four cases. The parties agreed to an aggregate determinate sentence, across all cases, of 16 years. It comprised (1) a stipulated upper-term sentence of 9 years on count 1 in the lead case (No. CR2401338A), transporting fentanyl for sale from a noncontiguous county (Health & Saf. Code, § 11352, subd. (b)), with a 3-year enhancement based on the quantity of fentanyl (over one kilogram) (*id.*, § 11370.4, subd. (a)) and a 2-year enhancement for having committed the crime while on bail (Pen. Code, § 12022.1), for a total of 14 years; (2) a 3-year concurrent middle-term sentence in the first case (No. CR2102909) for possessing heroin for sale (Health & Saf. Code, § 11351)[4]; (3) a consecutive sentence in the third case (No. CR2402189) of one-third the midterm, or 1 year, for possessing fentanyl for sale (§ 11351); and (4) an identical consecutive 1-year sentence in the fourth case (No. CR2402190) for possessing fentanyl for sale, yielding an aggregate sentence across all four cases of 16 years. The People agreed in each case to dismiss all other counts and enhancement allegations. The parties left the amounts of restitution, fees, and assessments for the trial court to determine.

---

[4] Counsel agreed on this as a sentence for a lesser included offense of the charged violation of section 11352, subdivision (a).

At a hearing that day, counsel explained the plea bargain to the court. The court confirmed Boone's knowing, voluntary, and intelligent waiver of his constitutional rights to a jury trial and related protections; took his pleas; and granted the People's motions to dismiss all other counts. The parties stipulated to use of the preliminary hearing transcript in each case as a factual basis for the pleas. The court referred the matter to the probation department to calculate custody credits and make a "full report." (§ 1203, subd. (b).)

That department conducted an investigation and submitted a report for each case. It calculated Boone's custody credits and, in each case, recommended that the court impose the agreed-on sentence, as well as restitution fines (§§ 1202.4, 1202.45), criminal conviction and court operations assessment fees (§ 1465.8; Gov. Code, § 70373), and other fines (Health & Saf. Code, § 11372; Pen. Code, § 672)

At the outset of the May 2025 sentencing hearing, Boone's counsel noted that he and his client had reviewed and approved the probation department's calculation of custody credits. The court then summarized its understanding of the agreed sentence, which counsel confirmed. The court expressed its intent, in each case, to impose identical restitution fund fines—one payable, and one stayed unless parole should be revoked—of $300 per year of imprisonment (§§ 1202.4, 1202.45); to impose standard $40 court operations and $30 criminal conviction assessment fees (§ 1465.8; Gov. Code, § 70373); and to find Boone unable to pay, and thus to strike, the other fees recommended by the department. Boone did not object. The court then imposed the agreed-upon sentences, awarded the agreed-upon custody

6

credits, and imposed the fines and assessments it had described.[5]  It declared the firearm seized in Case No. CR2402189 a nuisance, to which Boone did not object, and it advised him of his right to appeal.

## DISCUSSION

"Issues cognizable on an appeal following a guilty plea are limited to issues based on 'reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings' resulting in the plea." (*People v. DeVaughn* (1977) 18 Cal.3d 889, 895.)  And to appeal by challenging a plea's legality, a defendant must obtain a certificate of probable cause. (§ 1237.5; *People v. Mendez* (1999) 19 Cal.4th 1084, 1095.)  Boone did not do so, and nor did he make an unsuccessful request for a certificate and then seek writ review of its denial.  (See *People v. Castelan* (1995) 32 Cal.App.4th 1185, 1188 [denial of certificate request must be reviewed via writ].)[6]

Without such a certificate, a defendant can raise only two types of issues on appeal from a judgment based on a plea:  " '(1) search and seizure issues for which an appeal is provided under section 1538.5, subdivision (m); and (2) issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed.' "  (*People v. Zuniga* (2014) 225 Cal.App.4th 1178, 1182, quoting

---

[5] The court thus imposed restitution fund fines, one payable and one stayed (§§ 1202.4, 1202.45), of $4,200 each in the lead case (No. CR2401338A), $900 each in Case No. CR2102909, and $300 each in Case No. CR2402189 and Case No. CR2402190.  As noted, Boone did not object.

[6] In extraordinary circumstances, if a defendant fails to obtain a certificate of probable cause and files an appeal, which this court reviews pursuant to *Wende*, we may treat the appeal as a petition for writ of habeas corpus if " ' "the record shows without doubt" ' " that the defendant " ' "pleaded guilty to a crime which he did not commit." ' " (*People v. Richardson* (2021) 65 Cal.App.5th 360, 369.)  This appeal involves no such extraordinary circumstances authorizing circumvention of section 1237.5.

7

*Panizzon*, *supra*, 13 Cal.4th at pp. 74–75.)  Boone filed no section 1538.5 motion whose denial he could appeal.  But in his notices of appeal, as noted, he did check a box indicating that the appeals concern "the sentence or other matters occurring after the plea that do not affect the validity of the plea."

After reviewing the record subject to the above constraints, Boone's counsel filed a *Wende* brief identifying no issues to raise under *Anders v. California* (1967) 386 U.S. 738, 744.  Counsel apprised Boone of his right to file a supplemental brief and to ask that we relieve his counsel (*People v. Kelly* (2006) 40 Cal.4th 106, 111), but Boone did neither.  Pursuant to *Wende* guidelines, we have independently reviewed the record and identified no potentially meritorious issues arising after and not affecting the validity of his plea that Boone could argue on appeal.

The plea bargain specified the exact sentence Boone was to receive—a total of 16 years, with specified terms for each count to which he pled guilty and each enhancement he admitted—and the court imposed that sentence precisely.  (See *Panizzon*, *supra*, 13 Cal.4th at p. 89 [requiring certificate of probable cause to challenge sentence negotiated as part of plea bargain].)  The court awarded custody credits in amounts calculated by the probation department and approved by Boone after he and his counsel had scrutinized its report.  As for fines and fees, which the plea bargain left to the court's determination, the court imposed some recommended by the presentence report, which Boone and his counsel had reviewed, and struck others after finding Boone unable to pay them—and he did not object.  (See *People v. McCullough* (2013) 56 Cal.4th 589 [ability to pay fines and fees subject to forfeiture absent objection].)  Boone's counsel raised no issues or objections at the sentencing hearing, and we find no issue meriting further review.

## DISPOSITION

The judgment is affirmed.

TUCHER, P. J.

WE CONCUR:

FUJISAKI, J.
RODRÍGUEZ, J.

*People v. Boone* (A173514)